## STATE OF CONNECTICUT *v.* BRADFORD ABBOTT
## (3227)

Dupont, C. J., Hull and Borden, Js.

Argued October 4—decision released November 5, 1985

*Kevin G. Dubay,* with whom, on the brief, were *Joseph E. Fazzano* and *Howard A. Nunes,* for the appellant (defendant).

*Barbara B. Sacks,* law student intern, with whom were *Carl Schuman* and, on the brief, *Rosita M. Creamer,* assistant state's attorneys, for the appellee (state).

BORDEN, J. The defendant appeals from the judgment of his conviction of the crime of possession of marihuana in violation of General Statutes § 21a-279 (c). The conviction followed his conditional plea of nolo contendere which was entered, pursuant to General Statutes § 54-94a, after the trial court, *Walsh, J.,* denied his motion to suppress evidence gathered pursuant to a search warrant, and denied his motion to dismiss. He mounts a tripartite challenge to the warrant: the information contained in the underlying affidavit was unconstitutionally stale; probable cause was lacking under the totality of circumstances test; and the description of the place to be searched lacked constitutional particularity. We discern no merit to the defendant's claims, whether taken individually or collectively, and find no error.

On June 10, 1983, Detectives Wayne Rautenberg and Russell Wood of the Manchester police department applied for a warrant to search 447 Summit Street, Manchester, described as being located on the east side of the street, and as a single family cape house, gold with white trim with a detached garage on its south side. The application stated their belief that marihuana and cocaine were located at the premises, evidence that the crimes of possession of marihuana and possession of cocaine with intent to sell were being committed there. The supporting affidavit of Rautenberg and Wood, dated the same day, stated the following: Rautenberg, a police officer for fourteen and one-half years, had responsibility for conducting narcotics investigations, and had more than four years experience in such investigations, including both undercover and case assignment work. He had conducted numerous investigations leading to the obtaining and execution of search warrants, the seizure of drugs, and the arrest and conviction of the individuals involved. He had

attended formal training schools on the subject of conducting narcotics investigations.

Wood, a police officer for five years, had responsibility for conducting narcotics investigations, and had investigated, planned and participated in cases leading to the obtaining and execution of search warrants, the seizure of drugs, and the arrest and conviction of the individuals involved. He had received formal training in narcotics investigations.

In March, 1983, Rautenberg met a confidential informant, identified as C.I. 113, who told him that David McNally was selling cocaine from his residence at 447 Summit Street, Manchester, and that he had seen cocaine there. This informant had provided the state police and Manchester police with information leading to the obtaining of search warrants, the seizure of large quantities of narcotics, and the arrest and conviction of the people involved.

In April, 1983, the Manchester police and the Federal Bureau of Investigation arrested David Chaves for possession of cocaine with intent to sell. Chaves told them that McNally, who lived at 447 Summit Street, Manchester, was selling large quantities of cocaine.

In May, 1983, another reliable, confidential informant, identified as C.I. 116, stated that Robert Schienost was residing at the same address. Schienost was known to Rautenberg and Wood through police intelligence and prior arrests for possession of drugs with intent to sell. C.I. 116 said that between June 7, 1983, and June 10, 1983, Schienost approached him and asked if he wanted to buy hashish. The informant saw the hashish at 447 Summit Street and made arrangements to buy some of it. This informant had provided information leading to the obtaining of a search warrant resulting in the seizure of a large quantity of marihuana and the arrest of the person involved.

Rautenberg and Wood had seen vehicles belonging to Schienost and McNally at 447 Summit Street at all hours of the day. They had surveilled the premises periodically and had observed numerous people visiting it for short periods of time.

The warrant authorized the search of the entire premises located at 447 Summit Street, Manchester, and the seizure of marihuana, inter alia. The search executed pursuant to the warrant yielded marihuana in the bedroom of the defendant, one of the occupants of the house.[1]

The defendant first argues that probable cause was lacking because the issuing magistrate was required to disregard, as stale, the statements made by C.I. 113, C.I. 116 and Chaves in March, April and May, 1983, those statements being from thirty to ninety days old at the time of the issuance of the warrant.[2] We disagree.

It is true, of course, that proof of probable cause for a search warrant "must be of facts so closely related to the time of the issue of the warrant as to justify a finding of probable cause at that time. Whether the proof meets this test must be determined by the circumstances of each case." *Sgro* v. *United States,* 287 U.S. 206, 210–11, 53 S. Ct. 138, 77 L. Ed. 260 (1932); *State* v. *Carbone,* 172 Conn. 242, 250, 374 A.2d 215, cert. denied, 431 U.S. 967, 97 S. Ct. 2925, 53 L. Ed. 2d 1063 (1977).

---

[1] The search also yielded other material which is not involved in this appeal.

[2] The state claims that this argument is unavailable to the defendant in this court because he did not raise it in the trial court and made no showing that it is reviewable under *State* v. *Evans,* 165 Conn. 61, 327 A.2d 576 (1973). This is an inaccurate reading of the trial court record. The defendant's trial court brief on his motion to suppress, which we have examined, adequately raises this issue.

This does not mean, however, as the defendant urges, that in evaluating the contents of the affidavit the issuing magistrate must completely disregard statements of informants which may be thirty to ninety days old. Even if we assume without deciding that such a delay would be the basis of a valid staleness claim if the statements were all that the magistrate had to rely on, such statements may be considered with the rest of the affidavit as part of the mosaic of probable cause. Other material in the affidavit may supplement and bring down to date the earlier materials; *Sgro* v. *United States,* supra, 211; thus giving "reason to believe that those circumstances still exist." *United States* v. *Steeves,* 525 F.2d 33, 38 (8th Cir. 1975), quoting 3 Wright, Federal Practice and Procedure § 662.

Here, in the three days prior to the issuance of the warrant C.I. 116 gave fresh, first hand information that Schienost offered to sell him hashish, that the informant saw the hashish at the premises and that he made arrangements to buy it. This information clearly supplemented and revitalized the statements made within the previous ninety days. This information brought those earlier statements down to date and gave reason to believe that drugs were currently being sold at 447 Summit Street.

The defendant's second argument is that the affidavit failed the totality of the circumstances test articulated by the United States Supreme Court in *Illinois* v. *Gates,* 462 U.S. 213, 103 S. Ct. 2317, 76 L. Ed. 2d 527, reh. denied, 463 U.S. 1237, 104 S. Ct. 33, 77 L. Ed. 2d 1453 (1983).[3] This argument is without merit.

---

[3] Neither in the trial court nor in this court did the defendant make, brief or argue any claim that the affidavit should be gauged by the stricter, two-pronged *Aguilar-Spinelli* test now mandated under some circumstances by the Connecticut constitution. See *State* v. *Kimbro,* 197 Conn. 219, 496 A.2d 498 (1985) (warrantless search). Nor has the defendant claimed that *State* v. *Kimbro,* supra, applies to a search pursuant to a warrant. Indeed,

In analyzing the sufficiency of the affidavit, we give "substantial deference . . . to the decision of the judicial authority that issued the warrant." *State* v. *Bellamy,* 4 Conn. App. 520, 525, 495 A.2d 724 (1985), quoting *State* v. *Heinz,* 193 Conn. 612, 618, 480 A.2d 452 (1984). We do not deem it necessary to go through the affidavit item by item. Suffice it to say that, applying the totality of the circumstances test, and reading the affidavit in a common sense manner; *State* v. *Heinz,* supra, 617; we conclude that the affidavit passes muster. It gave "objective evidence of a fair probability that proscribed activity" was occurring at the premises; id.; and that drugs were located there. *State* v. *Martin,* 2 Conn. App. 605, 613, 482 A.2d 70 (1984), cert. denied, 195 Conn. 802, 488 A.2d 457 (1985), 472 U.S. 1009, 105 S. Ct. 2706, 86 L. Ed. 2d 721.

The defendant's final argument is that the warrant was invalid because it did not describe the place to be searched with the specificity required by the fourth amendment to the United States constitution. This argument is premised on the defendant's assertion, which does not appear in the warrant application or affidavit, that the defendant's bedroom, which was searched, was a separate and distinct part of the house under his separate control. From this assertion, he reasons that a more specific description than the street address, location and description of the house was required. This argument is without merit.

The particularity clause of the fourth amendment requires that no warrants issue except those "particularly describing the place to be searched . . . . " U.S. Const., amend. IV. This standard is met "if the descrip-

at oral argument in this court, which was held some six weeks after *State* v. *Kimbro,* supra, was decided, he confined his argument to a *Gates* analysis and conceded that he was not asking us to apply *State* v. *Kimbro,* supra. We therefore decide the case on the theory on which it was tried and decided in the trial court and briefed and argued in this court. *Travelers Ins. Co.* v. *Hendrickson,* 1 Conn. App. 409, 411 n.3, 472 A.2d 356 (1984).

tion is such that the officer with a search warrant can with reasonable effort ascertain and identify the place intended." *Steele* v. *United States No. 1,* 267 U.S. 498, 503, 45 S. Ct. 414, 69 L. Ed. 757 (1925); *United States* v. *Alexander,* 761 F.2d 1294, 1300 (9th Cir. 1985).

The defendant made no claim for a hearing under *Franks* v. *Delaware,* 438 U.S. 154, 98 S. Ct. 2674, 57 L. Ed. 2d 667 (1978), to establish that Rautenberg or Wood had made any knowingly, intentionally or recklessly false allegation in the affidavit which was necessary to the finding of probable cause. In the absence of a showing under *Franks* v. *Delaware,* supra, sufficient to trigger a hearing, subsequent evaluation of the search warrant by either the trial court or this court "must be based solely on the facts and circumstances presented in the affidavit when application for the warrant was made. *United States* v. *Gibbons,* [607 F.2d 1320, 1327 (10th Cir. 1979)]. Thus information which may be known to the affiant or which is subsequently revealed at a later hearing, but which was not submitted to the issuing official, is irrelevant. *Aguilar* v. *Texas,* 378 U.S. 108, 109 n.1, 84 S. Ct. 1509, 12 L. Ed. 2d 723 [1964]." *United States* v. *Rios,* 611 F.2d 1335, 1347 (10th Cir. 1979).

Where the warrant describes the premises to be searched as a multiple unit dwelling, such as an apartment building, the warrant must specify which unit is to be searched; *United States* v. *Higgins,* 428 F.2d 232 (7th Cir. 1970); unless the affidavit establishes probable cause as to all the units. 1 LaFave & Israel, Criminal Procedure § 3.4 (e). Where, however, the warrant describes the premises as a single family dwelling, it is valid as to the entire premises. Even if the police discover upon entry that the premises contain different living units, they are not then required to obtain a new warrant. *United States* v. *Santore,* 290 F.2d 51 (1959), aff'd in relevant part, 290 F.2d 74 (2d Cir. 1960)

(rehearing en banc), cert. denied, 365 U.S. 834, 81 S. Ct. 749, 5 L. Ed. 2d 744 (1961). Where several persons occupy premises in common rather than individually, a single warrant describing the entire premises is valid and will justify a search of the entire premises. 2 LaFave, Search and Seizure § 4.5.

This warrant and affidavit described the premises as a single family residence occupied by at least two persons, McNally and Schienost. The documents did not preclude the possibility of additional, unnamed occupants living there. Nor did they describe the premises as containing multiple living units. Thus, the search of the entire premises, including the defendant's bedroom, pursuant to the warrant was valid.

There is no error.

In this opinion the other judges concurred.