STATE OF CONNECTICUT *v*. ANGEL R. BURGOS
(3252)

DUPONT, C. J., HULL and SPALLONE, Js.

Argued February 10—decision released May 6, 1986

*John D. Maxwell,* with whom, on the brief, was *Steven W. Varney,* certified legal intern, for the appellant (defendant).

*Alex Andrew Knopp,* special assistant state's attorney, with whom, on the brief, were *James G. Clark* and *Mark Solak,* deputy assistant state's attorneys, for the appellee (state).

SPALLONE, J. The defendant is appealing from the judgment rendered after his plea of nolo contendere to a substitute information charging him with possession of heroin with intent to sell, a violation of General Statutes § 21a-277 (a), and following the denial by the trial court of his motion to suppress certain seized property. He claims that the trial court erred in denying his motion to suppress (1) because the search warrant did not describe the place to be searched with adequate particularity, (2) because the search warrant was deficient in that the affidavit was based on stale information, and (3) because the probable cause recited in the affidavit was nonexistent at the time the warrant was executed.

The facts underlying the judgment are as follows. On October 3, 1983, officers of the statewide narcotics task force received information from a confidential informant that the defendant, Angel Burgos, was dealing in large amounts of heroin from his residence at 76 West Avenue, Willimantic, Connecticut and that the informant had purchased heroin at the same address. The officers conducted an independent investigation to determine whether the defendant was selling heroin from his residence. The officers arranged for the informant to make purchases of heroin from the defendant at his residence during the weeks ending October 8, October 29, November 19, and December 3, 1983. After conducting field tests on the substances sold by the defendant to the informant, the officers determined them to be heroin.

Upon application and affidavit, on December 3, 1983, the trial court issued a search warrant authorizing the search of the defendant's residence, "# 76 West Avenue, Willimantic, CT, a green two story wood framed structure containing four separate apartments facing the building from West Avenue, two doors colored white are visible, entrance to 76 is gained from left side door, which has 76 in black to the left of it." The same description is contained in the affidavit supporting the warrant. In addition, the warrant expressly authorized the police to "enter into or upon and search the place or thing described in the foregoing *Affidavit and Application* . . . . " (Emphasis added.)

The warrant was executed on December 8, 1983, at which time the officers seized hundreds of packets of heroin, approximately $8000 in cash, other various and sundry items used in the narcotics trade and a .38 caliber hand gun from the defendant's premises and thereupon arrested the defendant.

On February 17, 1984, a hearing was held on the defendant's motion to suppress the seized property.

After taking evidence, the court denied the motion. On April 10, 1984, the defendant entered a plea of nolo contendere to one count of possession of heroin with intent to sell in violation of General Statutes § 21a-277 (a). The defendant's judgment of conviction was rendered pursuant to General Statutes § 54-94a[1] after which he filed this appeal.

The defendant's claim that the warrant fails to describe the premises to be searched with particularity is not substantiated by the record. We recognize the requirement of the fourth amendment as precluding the issuance of a search warrant that does not adequately describe the premises to be searched. However, "if the description is such that the officer with a search warrant can with reasonable effort ascertain and identify the place intended" this mandate is satisfied. *Steele* v. *United States No. 1,* 267 U.S. 498, 503, 45 S. Ct. 414, 69 L. Ed. 757 (1925); *State* v. *Abbott,* 5 Conn. App. 441, 446–47, 499 A.2d 437 (1985). The warrant's description of the premises "need only define the search with practical accuracy" which is satisfied if it tells the executing officers where to go and what to enter. *United States* v. *Fitzmaurice,* 45 F.2d 133, 135 (2d Cir. 1930).

A search warrant directed against a multiple-occupancy structure, as here, will be deemed valid if it describes "the particular subunit to be searched with sufficient definiteness to preclude a search thereunder of other units located in the larger structure and occupied by innocent persons." Annot., 11 A.L.R.3d

[1] General Statutes § 54-94a provides in relevant part: "When a defendant, prior to the commencement of trial, enters a plea of nolo contendere conditional on the right to take an appeal from the court's denial of the defendant's motion to suppress evidence based on an unreasonable search or seizure or motion to dismiss, the defendant after the imposition of sentence may file an appeal within the time prescribed by law. The issue to be considered in such an appeal shall be limited to whether it was proper for the court to have denied the motion to suppress . . . ."

1330, 1333 (1967); *United States* v. *Bedford,* 519 F.2d 650, 654–55 (3d Cir. 1975), cert. denied, 424 U.S. 917, 96 S. Ct. 1120, 47 L. Ed. 2d 323 (1976); *State* v. *Abbott,* supra, 447. A more particular description obviously lessens the likelihood of a general search of such a structure. The particularity requirement will be met by including the correct address of the building and by naming the individual whose apartment is to be searched. See *United States* v. *Bedford,* supra.

The warrant and the affidavit fully supply the information pinpointing the place to be searched. In addition to the description recited above, the warrant directs the executing officer to the affidavit which contains numerous references to the apartment at 76 West Street as being the residence of the defendant. Our review of the record leads us to the conclusion that there was more than sufficient evidence to justify the trial court's finding that the description in the warrant and affidavit was sufficiently particularized to meet the requirement of the fourth amendment and that the court did not err in so finding.

The defendant contends next that probable cause for the issuance of the warrant did not exist because the information contained in the affidavit was stale. We disagree.

It is true that proof of probable cause for a search warrant " 'must be of facts so closely related to the time of the issu[ance] of the warrant as to justify a finding of probable cause at that time. Whether the proof meets this test must be determined by the circumstances of each case.' " *State* v. *Abbott,* supra, 444; *Sgro* v. *United States,* 287 U.S. 206, 210–11, 53 S. Ct. 138, 77 L. Ed. 260 (1932); *State* v. *Carbone,* 172 Conn. 242, 250, 374 A.2d 215, cert. denied, 431 U.S. 967, 97 S. Ct. 2925, 53 L. Ed. 2d 1063 (1977). In *State* v. *Abbott,* we stated that "[t]his does not mean, however, as the

defendant urges, that in evaluating the contents of the affidavit the issuing magistrate must completely disregard statements of informants which may be thirty to ninety days old. Even if we assume without deciding that such a delay would be the basis of a valid staleness claim if the statements were all that the magistrate had to rely on, such statements may be considered with the rest of the affidavit as part of the mosaic of probable cause. Other material in the affidavit may supplement and bring down to date the earlier materials; *Sgro* v. *United States,* supra, 211; thus giving 'reason to believe that those circumstances still exist.' *United States* v. *Steeves,* 525 F.2d 33, 38 (8th Cir. 1975), quoting 3 Wright, Federal Practice and Procedure § 662." Id., 445.

Here, as in *Abbott,* the affidavit contained fresh, first hand information that the unlawful conduct earlier disclosed was still taking place at the premises and that a controlled buy took place within days of the application. This information "clearly supplemented and revitalized" the earlier information and this information "brought those earlier statements down to date and gave reason to believe that drugs were currently being sold . . . ." *State* v. *Abbott,* supra. The action of the judicial authority in granting the application for the warrant is fully in accord with these principles.

The defendant's final claim that there was an unconstitutional delay between the issuance and execution of the warrant is without merit. Although this claim was not specifically raised in the trial court, we find that the allegation in the defendant's motion to suppress, i.e., "that there was no probable cause for believing the existence of the grounds on which the warrant was issued," is sufficiently broad to raise the claim that even if probable cause existed on the date the warrant issued, there was no reason to believe that the probable cause was still present on the date of execution.

The requirements for the proper execution of a search warrant are governed by General Statutes § 54-33c which states in part: "The warrants shall be *executed within ten days* and returned with reasonable promptness consistent with due process of law and shall be accompanied by a written inventory of all property seized." (Emphasis added.) Obviously, the legislature expressed its determination that a ten day period fulfills the requirement that warrants be executed and returned expeditiously. The statute mandates execution within ten days of issuance and allows the return within a reasonable time consistent with promptness, diligence or dispatch. In this case, the warrant was executed well within the ten day limit imposed by the statute.

We must apply constitutional as well as statutory criteria, however, on the issue of the staleness of the execution of the search warrant. Situations may arise where a search warrant executed within the time limits set by statute, may not be timely enough to meet the requirement of reasonableness and therefore would be violative of the defendant's fourth amendment rights. The question of whether a warrant was executed in a reasonable time is one to be determined according to the facts and circumstances in each case. *United States* v. *Harper,* 450 F.2d 1032, 1043 (5th Cir. 1971); *United States* v. *Bradley,* 428 F.2d 1013, 1014 (5th Cir. 1970); *State* v. *Romano,* 165 Conn. 239, 247, 332 A.2d 64 (1973). The affidavit in support of the warrant in this case recited a detailed, repetitive and continuing course of conduct by the defendant which took place over a period of two months at the same address. The nature of the proscribed conduct (selling drugs), in general and particularly under the facts and circumstances detailed in this case, support a conclusion that the illegal activities were of a continuing nature. There was no showing that the probable cause found at the issuance of

the warrant somehow dissipated by the time the warrant was executed. We hold that the search warrant here was executed with reasonable promptness, diligence and dispatch and was timely as to both statutory and constitutional mandates.

In summary, the trial court's conclusions that the search warrant described with adequate particularity the place to be searched and that probable cause existed for its issuance are fully supported by the facts and circumstances of this case and were arrived at in accordance with the law. Further, we have reviewed the defendant's contention that probable cause did not exist at the time the search warrant was executed and find such claim to be meritless.

There is no error.

In this opinion the other judges concurred.