## STATE OF CONNECTICUT *v.* DEOWRAJ BUDDHU
## (AC 20212)

Landau, Mihalakos and Daly, Js.

Argued January 12—officially released August 14, 2001

*Robert J. Scheinblum,* assistant state's attorney, with whom were *John M. Massameno,* senior assistant state's attorney, and, on the brief, *John M. Bailey,* chief state's attorney, and *Vernon Oliver,* deputy assistant state's attorney, for the appellant (state).

*Wesley S. Spears,* for the appellee (defendant).

*Opinion*

MIHALAKOS, J. In this criminal case, the state appeals from the judgment of the trial court dismissing the substitute information charging the defendant, Deowraj Buddhu, with 142 violations of the Penal Code.[1] At issue is the court's ruling prohibiting the state from introducing, in its case-in-chief, evidence that the police

---

[1] In the substitute information, the state charged the defendant with 111 counts of attempt to commit forgery in the second degree in violation of General Statutes §§ 53a-49 (a) (2) and 53a-139 (a) (3); twenty-four counts of forgery in the second degree in violation of § 53a-139 (a) (3); one count of larceny in the first degree as an accessory in violation of General Statutes §§ 53a-8 (a), 53a-119 and 53a-122; one count of forgery in the second degree in violation of § 53a-139 (a) (1); one count of money laundering in the second degree as an accessory in violation of General Statutes §§ 53a-8 (a) and 53a-277; one count of conspiracy to commit racketeering in violation of General Statutes §§ 53a-48 and 53-395; one count of racketeering in violation of § 53-395 (c); and two counts of attempt to commit larceny in the first degree as an accessory in violation of §§ 53a-8 (a), 53a-49 (a) (2), 53a-119 and 53a-122.

officers seized while executing a search warrant for the residence of the defendant and his son, Satesh Buddhu. On appeal, the state claims that the court improperly concluded that the warrant was invalid and, therefore, should not have suppressed the evidence that the police officers had seized. In support of its claim, the state asserts, inter alia, that the court improperly concluded that the warrant did not satisfy the particularity requirement of the fourth amendment to the United States constitution.[2] We disagree with that assertion and, accordingly, affirm the judgment of the trial court.[3]

The following facts and procedural history are relevant to our resolution of the state's appeal. On November 21, 1995, two Rocky Hill police detectives applied for a warrant to search the following place: "The residence of Satesh Buddhu (date of birth 2/6/74) and Deowraj S. Buddhu (date of birth 9/18/42), 958 Broad Street, Hartford, Ct. This is also the business location of Phoe-

---

[2] The fourth amendment to the United States constitution provides: "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized."

The fourth amendment is made applicable to the states through the due process clause of the fourteenth amendment. *Mapp* v. *Ohio*, 367 U.S. 643, 655, 81 S. Ct. 1684, 6 L. Ed. 2d 1081 (1961).

[3] We therefore need not address the state's remaining claims, which are as follows: (1) the court improperly rejected the issuing magistrate's conclusion that the warrant affidavit established that there was probable cause to search the residence of the defendant and his son; (2) the court improperly concluded that the police had exceeded the scope of the search authorized by the warrant; and (3) our Supreme Court should overrule *State* v. *Marsala*, 216 Conn. 150, 171, 579 A.2d 58 (1990) (en banc) (holding that the good faith exception to the exclusionary rule does not exist under Connecticut law). Regarding the last of those three claims, we note that it is not within our province to overrule the decisions of our Supreme Court; see *State* v. *Robinson*, 56 Conn. App. 794, 801, 746 A.2d 210, cert. denied, 253 Conn. 904, 753 A.2d 938 (2000); and that the state indicated in its principal brief to this court that it raised that claim to preserve it for possible review by our Supreme Court.

nix Consulting Services, operated by Deo [Buddhu]." The detectives, Henry J. Dodenhoff and Charles Hedeen, suspected that the defendant and his son were involved in a criminal enterprise that engaged in the production of counterfeit checks and United States citizenship papers. Later that day, a magistrate granted the detectives' application. On November 22, 1995, members of the Rocky Hill and Hartford police departments executed the warrant. Their search yielded evidence that incriminated the defendant and his son.

On December 21, 1998, the state filed an information that charged the defendant with 140 violations of the Penal Code. On April 26, 1999, the defendant filed a motion to suppress, seeking to preclude the state from introducing the evidence that the police had seized while executing the warrant. On June 10, 1999, the state filed the substitute information previously described. See footnote 1. Thereafter, the court conducted a suppression hearing and granted the motion to suppress. The court found that (1) the description in the warrant of the place to be searched was "overbroad" and (2) the overbreadth was due to the fact that the police officers had conducted an "unjustifiably limited investigation." Therefore, the court concluded, the warrant was invalid because it did not satisfy the particularity requirement of the fourth amendment. On October 27, 1999, the state filed a motion to dismiss the substitute information. That day, the court dismissed the case on the state's representation that the state could no longer proceed as a result of the unfavorable ruling on the motion to suppress. The court also granted the state permission to appeal. This appeal followed. Additional facts and procedural history will be provided as necessary.

Before addressing the state's claim that the court improperly concluded that the warrant did not satisfy the particularity requirement of the fourth amendment,

we set forth the appropriate standard of review. "Our standard of review of a trial court's findings and conclusions in connection with a motion to suppress is well defined. A finding of fact will not be disturbed unless it is clearly erroneous in view of the evidence and pleadings in the whole record . . . . [W]here the legal conclusions of the court are challenged, we must determine whether they are legally and logically correct and whether they find support in the facts set out in the memorandum of decision . . . ." (Internal quotation marks omitted.) *State* v. *Clark*, 255 Conn. 268, 279, 764 A.2d 1251 (2001). Additionally, we are mindful of our authority to affirm a judgment of a trial court on a dispositive alternate ground for which there is support in the trial court record. See *Hoskins* v. *Titan Value Equities Group, Inc.*, 252 Conn. 789, 794, 749 A.2d 1144 (2000).

After the suppression hearing, the court made the following factual findings. The complete address of the building named in the search warrant is 958-960 Broad Street. The building has three floors and there are apartments on each floor. Specifically, "[t]here [is] a total of six units in the building—two on each of the three floors." The defendant lived in a unit on the third floor. Each of the six units had a doorbell and a mailbox. "It is evident that the officers knew prior to obtaining the warrant that the building was a multioccupancy building." The officers also knew prior to obtaining the warrant that the defendant lived on the third floor. The state does not challenge those factual findings.

"The Warrant Clause of the Fourth Amendment *categorically prohibits* the issuance of any warrant except one 'particularly describing the place to be searched and the persons or things to be seized.' The manifest purpose of this particularity requirement was to prevent general searches. By limiting the authorization to search to the specific areas and things for which there is proba-

ble cause to search, the requirement ensures that the search will be carefully tailored to its justifications, and will not take on the character of the wide-ranging exploratory searches the Framers intended to prohibit." (Emphasis added.) *Maryland* v. *Garrison,* 480 U.S. 79, 84, 107 S. Ct. 1013, 94 L. Ed. 2d 72 (1987). The particularity requirement reflects two concerns. See *United States* v. *Nafzger,* 965 F.2d 213, 215 (7th Cir. 1992). "The first concern is the deterrence of 'general, exploratory rummaging in a person's belongings.'" Id., quoting *Andresen* v. *Maryland,* 427 U.S. 463, 480, 96 S. Ct. 2737, 49 L. Ed. 2d 627 (1976). "The second concern is that the scope of a lawful search will be limited to 'the places in which there is probable cause to believe that [the items sought] may be found.'" *United States* v. *Nafzger,* supra, 215, quoting *Maryland* v. *Garrison,* supra, 84.

"The validity of the warrant must be assessed on the basis of the information that the officers disclosed, or had a duty to discover and to disclose, to the issuing Magistrate." *Maryland* v. *Garrison,* supra, 480 U.S. 85. To conduct that assessment properly, we first must review the search warrant and the affidavit supporting the search warrant to determine what information the police officers disclosed. Second, we must review the facts established at the suppression hearing to determine what information the police officers had a duty to discover and disclose to the issuing magistrate. A warrant does not satisfy the particularity requirement of the fourth amendment if all three of the following conditions are satisfied: (1) the facts properly found at the suppression hearing establish that the search (or the seizure) authorized by the warrant was imprecise or broader than necessary; (2) the police officers failed to disclose to the issuing magistrate information that they had a duty to discover and disclose; and (3) it is reasonably probable that, but for that failure, the magistrate either would not have issued the warrant

or, instead, would have issued a warrant authorizing a search (or a seizure) that was more precise.

As previously stated, the warrant in the present case authorized the police officers to search the following place: "The residence of Satesh Buddhu (date of birth 2/6/74) and Deowraj S. Buddhu (date of birth 9/18/42), 958 Broad Street, Hartford, Ct. This is also the business location of Phoenix Consulting Services, operated by Deo [Buddhu]." After the suppression hearing, the court found that 958 Broad Street (actually 958-960 Broad Street) was a three story building that contained two apartments on each floor. The court also found that the defendant lived on the third floor. Those findings establish that the scope of the search authorized by the warrant was imprecise because the warrant did not specify that the defendant lived in a subunit of the building.

Next, we review the affidavit submitted by Dodenhoff and Hedeen (the Rocky Hill police detectives) to assist us in determining whether they disclosed to the magistrate that the defendant lived in a subunit of the building. The affidavit does not indicate whether the structure at 958-960 Broad Street contained more than one floor. Accordingly, the affidavit does not state that the defendant lived on the third floor. It also does not indicate that the defendant's residence did not encompass the entire structure. For instance, it does not contain the word "apartment," "condominium," "subunit" or "unit." In sum, Dodenhoff and Hedeen, in their affidavit, did not even intimate that the defendant lived in a subunit of the building.

The court found that (1) the building at 958-960 Broad Street had three floors, (2) each of the building's six units had a doorbell and a mailbox, and (3) "[i]t is evident that the officers knew prior to obtaining the warrant that the building was a multioccupancy build-

ing." On the basis of those findings, we conclude that it was readily apparent that 958-960 Broad Street was a multiunit dwelling. Consequently, Dodenhoff and Hedeen had a duty to disclose to the issuing magistrate that they knew that the defendant resided in such a dwelling. The record does not establish that they did.

Had Dodenhoff and Hedeen disclosed their knowledge as required, the magistrate would have been assisted considerably in his role of determining whether the locus of the proposed search was precisely tailored and limited to places where there was probable cause to believe that the items sought might be found. Although "[s]earch warrants directed against multiple occupancy structures are generally held to be invalid where the warrant fails to describe the subunit with that degree of particularity that [in theory] precludes the search of other units within the building"; *Garrison* v. *State*, 58 Md. App. 417, 427, 473 A.2d 514 (1984), rev'd, 303 Md. 385, 494 A.2d 193 (1985), rev'd, 480 U.S. 79, 107 S. Ct. 1013, 94 L. Ed. 2d 72 (1987); it can be difficult to determine when this requirement has been satisfied, especially in close cases such as this one. For this and the foregoing reason, we conclude that it is reasonably probable that but for the officers' failure to disclose that the defendant resided in a multiunit dwelling, the magistrate would have declined to issue the warrant absent further information concerning the location of the defendant's apartment.

All three of the conditions discussed previously have been satisfied. Accordingly, we conclude that the warrant did not comply with the particularity requirement of the fourth amendment. The court's decision granting the defendant's motion to suppress was proper.

We note that there is a fine but significant distinction between our holding in the present case and this court's holding in *State* v. *Burgos*, 7 Conn. App. 265, 508 A.2d

795 (1986). In *Burgos*, the defendant claimed that the trial court improperly concluded that the search warrant for his residence satisfied the particularity requirement of the fourth amendment. Id., 266–68. The warrant at issue authorized a search of the following location: "# 76 West Avenue, Willimantic, CT, a green two story wood framed structure containing four separate apartments facing the building from West Avenue, two doors colored white are visible, entrance to 76 is gained from left side door, which has 76 in black to the left of it." (Internal quotation marks omitted.) Id., 267. Thus, the description of the place to be searched indicated that the defendant lived in a multiunit dwelling. See id. Moreover, "[i]n addition to the description recited above, the warrant direct[ed] the executing officer to the affidavit which contain[ed] numerous references to the apartment at 76 West Street as being the residence of the defendant." Id., 269. This court concluded that the warrant was sufficiently particular. Id.

In the present case, however, neither the warrant nor the affidavit indicated that the defendant lived in a multiunit dwelling. Our analysis under *Maryland* v. *Garrison*, supra, 480 U.S. 79, reveals that the police detectives were required to disclose that fact to the magistrate.

The judgment is affirmed.

In this opinion the other judges concurred.