For all the reasons stated, I respectfully dissent.

STATE OF CONNECTICUT *v.* THOMAS ARNOLD
(AC 26674)

DiPentima, Harper and West, Js.

Argued September 28—officially released November 21, 2006

*David A. Moraghan*, for the defendant (appellant).

*Bruce R. Lockwood*, assistant state's attorney, with whom, on the brief, were *Walter D. Flanagan*, state's

attorney, and *Stephen J. Sedensky III*, senior assistant state's attorney, for the appellee (state).

*Opinion*

WEST, J. The defendant, Thomas Arnold, appeals from the judgment of conviction rendered following his conditional plea of nolo contendere[1] to possession of narcotics in violation of General Statutes § 21a-279 (a), possession of narcotics with the intent to sell by a person who is not drug-dependent in violation of General Statutes § 21a-278 (b), possession of drug paraphernalia in violation of General Statutes § 21a-267 (a) and possession of drug paraphernalia in a drug factory situation in violation of General Statutes §§ 21a-277 (c) and 21a-255 (b). On appeal, the defendant claims that the trial court improperly denied his motion to suppress. We affirm the judgment of the trial court.

On August 16, 2004, Officer Jared Turner and Detective James Hicks of the Brookfield police department obtained a search warrant for the defendant's residence on the basis of information that the defendant's nineteen year old son, Skylar Arnold, was selling cocaine at the residence and also manufacturing crack cocaine there. At that time, both the defendant and his son were awaiting sentencing on prior convictions of drug offenses. Before Turner and Hicks could execute the

---

[1] General Statutes § 54-94a provides in relevant part: "When a defendant, prior to the commencement of trial, enters a plea of nolo contendere conditional on the right to take an appeal from the court's denial of the defendant's motion to suppress . . . the defendant after the imposition of sentence may file an appeal within the time prescribed by law provided a trial court has determined that a ruling on such motion to suppress . . . would be dispositive of the case. The issue to be considered in such an appeal shall be limited to whether it was proper for the court to have denied the motion to suppress . . . ." See also Practice Book § 61-6 (a) (2) (i).

warrant, they received further information that the defendant's son was renting a room at a hotel in Danbury, which is adjacent to Brookfield. They also received information that the defendant's son was selling cocaine at the Danbury hotel but had left the apparatus for manufacturing crack cocaine at the Brookfield residence. On August 24, 2004, Turner and Hicks obtained a search warrant for the Danbury hotel room and executed that warrant. On that same day, they executed the first warrant for the Brookfield residence, found drug paraphernalia in the defendant's bedroom and arrested him.

The defendant filed a motion to suppress the evidence seized during the search of the Brookfield residence on the ground that the warrant was stale. The defendant argued that his son had moved out of the Brookfield residence and established a new residence at the Danbury hotel so that the police therefore lacked probable cause to search the Brookfield residence as soon as they learned that the defendant's son was renting the hotel room in Danbury. The court denied the motion to suppress, finding that the warrant for the Brookfield residence had been executed within the ten day period provided by General Statutes § 54-33c (a),[2] and that the facts and circumstances indicated that the defendant's son had relocated temporarily to the Danbury hotel. The defendant then decided to enter a conditional plea of nolo contendere. The court accepted the defendant's plea and sentenced him to a total effective term of thirty years incarceration, execution suspended after nine and one-half years, and five years probation,[3] consecutive

[2] General Statutes § 54-33c (a) provides in relevant part that "[t]he warrant shall be executed within ten days and returned with reasonable promptness consistent with due process of law . . . ."

[3] The court enhanced the defendant's sentence pursuant to General Statutes § 53a-40b because he was on presentence release at the time he committed the crimes of which he was convicted.

to a sentence of two years incarceration for his prior conviction of drug offenses. This appeal followed.

In claiming that the court improperly denied his motion to suppress, the defendant concedes that the warrant for the Brookfield residence was issued properly on August 16, 2004, but he argues that the warrant had become stale by August 24, 2004, when the police obtained a warrant for the Danbury hotel room that the defendant's son was renting. We disagree.

"Our standard of review of a trial court's findings and conclusions in connection with a motion to suppress is well defined. A finding of fact will not be disturbed unless it is clearly erroneous in view of the evidence and pleadings in the whole record . . . . [W]here the legal conclusions of the court are challenged, we must determine whether they are legally and logically correct and whether they find support in the facts set out in the memorandum of decision . . . ." (Internal quotation marks omitted.) *State* v. *Straub*, 90 Conn. App. 147, 150, 877 A.2d 866, cert. denied, 275 Conn. 927, 883 A.2d 1252 (2005).

"Situations may arise where a search warrant executed within the time limits set by statute, may not be timely enough to meet the requirement of reasonableness and therefore would be violative of the defendant's fourth amendment rights. The question of whether a warrant was executed in a reasonable time is one to be determined according to the facts and circumstances in each case." *State* v. *Burgos*, 7 Conn. App. 265, 271, 508 A.2d 795 (1986).

Examining the facts and circumstances of the present case, we conclude that the court properly denied the

defendant's motion to suppress because the warrant for the Brookfield residence was executed within a reasonable time. The defendant conceded that that warrant was issued properly on August 16, 2004, on the basis of information that his son was selling cocaine and manufacturing crack cocaine at the Brookfield residence. That the defendant's son began renting a room at a Danbury hotel at approximately the same time is insufficient evidence that he had established a new residence there and had removed all of his belongings from the Brookfield residence by August 24, 2004, when the police executed the Brookfield warrant. The defendant's son did not manifest an intent to dissociate himself permanently from the Brookfield residence. In fact, the police received information that the defendant's son had left the apparatus for manufacturing crack cocaine at the Brookfield residence, indicating that the probable cause found at the issuance of the Brookfield warrant continued from August 16 to 24, 2004. That warrant was therefore still valid when it was executed eight days after issuance.

The judgment is affirmed.

In this opinion the other judges concurred.