## JOHN DOE *v.* JOHN M. CHRISTOFORO ET AL.
### (AC 23908)

Dranginis, McLachlan and Stoughton, Js.

---

[6] That issue is dispositive. We decline, therefore, to review the plaintiffs' other claims.

Argued October 25, 2004—officially released February 8, 2005

*William F. Gallagher*, with whom were *Erica W. Todd* and, on the brief, *Hugh D. Hughes* and *Joseph F. Trotta*, for the appellant (substitute plaintiff).

*Eric J. Stockman,* with whom, on the brief, was *Maureen Sullivan Dinnan,* for the appellee (named defendant).

*Opinion*

McLACHLAN, J. The substitute plaintiff,[1] Robert C. Ruggiero, Jr., administrator of the estate of the original plaintiff, John Doe,[2] appeals from the judgment of the trial court, rendered after a jury trial, in favor of the defendant John M. Christoforo.[3] The issue for our determination is whether the court properly refused to admit evidence of the defendant's voluntary statement to police in which the defendant, a physician, told police he had performed consensual sexual acts with a patient other than Doe and, more generally, that he was tempted to have sexual contact with his patients. The plaintiff claims that the court improperly ruled that the defendant's statement to police was not excepted from the hearsay rule as a statement by a party opponent,[4] was irrelevant and that its probative value was outweighed by its prejudicial effect.[5] We conclude that the court acted within its discretion in excluding the evidence on the basis of its prejudicial effect and, therefore, affirm the judgment of the trial court.

---

[1] We refer in this opinion to the substitute plaintiff as the plaintiff and to the original plaintiff as Doe.

[2] In accordance with our policy of protecting the privacy interests of the victims of alleged sexual abuse, we decline to identify the original plaintiff by his real name. See General Statutes § 54-86e.

[3] Because all claims against all defendants other than Christoforo were withdrawn before trial, we refer in this opinion to Christoforo as the defendant.

[4] The term "statement by a party opponent" is interchangeable in this context with the term "admission of a party opponent." The opinions of this court and our Supreme Court often use the latter term. Because, however, the Connecticut Code of Evidence uses the former, we shall conform to the code. See Conn. Code Evid. § 8-3.

[5] See § 4-3 of the Connecticut Code of Evidence, titled, "Exclusion of Evidence on Grounds of Prejudice, Confusion or Waste of Time," which provides in relevant part: "Relevant evidence may be excluded if its probative value is outweighed by the danger of unfair prejudice . . . ."

The court substituted the plaintiff for Doe in this action following Doe's suicide in October, 2000. The amended complaint asserted claims of negligent and intentional assault and battery, statutory negligence for violation of General Statutes §§ 53a-71 and 53a-73a,[6] negligent and intentional infliction of emotional distress, and breach of contract, all arising out of the defendant's alleged repeated sexual contact with Doe while Doe was his patient between 1995 and 1998. Doe suffered from anxiety, which the defendant treated with various medications. The plaintiff alleged that the defendant also purported to treat Doe's anxiety by relaxing him with erotic massage therapy and, later, fellatio and other sexual acts to which Doe continued to submit due to his claimed dependence on the medications the defendant prescribed. The defendant argued, in the alternative, that there was no sexual contact and that if there was, it was consensual. The jury returned a general verdict for the defendant on all counts. The court accepted the verdict and denied the plaintiff's posttrial motion to set aside the verdict and for a new trial.

The evidence in dispute is a 127 page transcript of the defendant's voluntary statement[7] to the police on September 30, 1997, following an accusation of sexual assault by another of the defendant's patients. During the interview, the defendant admitted only to having had consensual sexual contact with the complaining witness, J.[8] He also spoke in vague terms about being tempted to have sexual contact with patients other than J. The parties' dispute over the admissibility of the tran-

---

[6] General Statutes §§ 53a-71 and 53a-73a are criminal statutes prohibiting sexual assault with specific provisions regarding sexual assault of a patient by a health care professional. We note that the defendant practiced internal medicine.

[7] The statement contained a series of questions posed by the police and the defendant's responses thereto.

[8] See footnote 2.

script took almost an entire day of trial. Ultimately, the court excluded the entire statement, refusing to admit a redacted copy or even a redacted excerpt as the plaintiff requested. In the court's memorandum of decision denying the plaintiff's posttrial motion to set aside the verdict and for a new trial, the court addressed its reasons for excluding the statement: "Although the plaintiff characterizes the subject statements as 'admissions,' the court did not find the statements to rise to the level of being such. The offered statements concerned statements made by the defendant to the police during investigations of [allegations made by] persons other than [Doe]. The plaintiff simply failed to establish that the statements were admissions and that said statements were relevant to the instant action. Furthermore, upon reviewing the statements, the court determined that any probative value of said statements was outweighed by their prejudicial effect." The plaintiff claims that the court's ruling in this regard was improper.

## I

We first address the plaintiff's claim that the defendant's statement to police should have been excepted from the hearsay rule as a statement by a party opponent. See Conn. Code Evid. § 8-3 (1) (A).[9] "Whether evidence offered at trial is admissible pursuant to one of the exceptions to the hearsay rule presents a question of law. Accordingly, our review of the [plaintiff's] claim is plenary." *State* v. *Gonzalez*, 75 Conn. App. 364, 375, 815 A.2d 1261, rev'd on other grounds, 272 Conn. 515, 864 A.2d 847 (2005).

The court, in its ruling on the motion to set aside the verdict and for a new trial, found that the defendant's

[9] "The following are not excluded by the hearsay rule, even though the declarant is available as a witness: (1) Statement by a party opponent. A statement that is being offered against a party and is (A) the party's own statement, in either an individual or a representative capacity . . . ." Conn. Code Evid. § 8-3 (1).

statement to police did not rise to the level of an admission. The term "admission of a party opponent" is used more commonly than the synonymous term used in our code of evidence, "statement by a party opponent." See footnote 4. The latter is, however, more accurate. Simply stated, a party's statement need not be an admission of fault or wrongdoing of any kind to be admitted against him over a hearsay objection. Any relevant out-of-court statement by a party declarant may be admitted against him by his opponent. "There is no requirement that the statement be against the interest of the party when made or that the party have firsthand knowledge of its content. Basically, the only objection that can be made to the admission of a party/opponent is that it is irrelevant or immaterial to the issues." C. Tait, Connecticut Evidence (3d Ed. 2001) § 8.16.3 (c), pp. 589–90; see also *State* v. *Calderon*, 82 Conn. App. 315, 325, 844 A.2d 866 (statements made out of court by party opponent universally admissible when offered against him as long as statements relevant, material to issues in case), cert. denied, 270 Conn. 905, 853 A.2d 523, cert. denied, 543 U.S. 982, 125 S. Ct. 487, 160 L. Ed. 2d 361 (2004). "The rule can be neatly summed with the phrase 'everything you say can be used against you.'" C. Tait, supra, § 8.16.5, p. 594.

The hearsay exceptions for statements against interest, on the other hand, require that the statement be against either the declarant's pecuniary interest or his penal interest when spoken. The statement literally must subject the declarant either to criminal or to civil liability. That hearsay exception is distinguishable from the exception for a statement by a party opponent because the declarant of a statement against interest usually is not a party to the action. Moreover, the exception applies only when the declarant is unavailable to testify at trial. Furthermore, the statement must be based on the declarant's personal knowledge. See Conn.

Code Evid. § 8-6 (3) and (4); C. Tait, supra, § 8.16.4, pp. 592–93; §§ 8.42.1 through 8.43.5, pp. 708–16.

The court correctly concluded that the defendant's statement to police was not a statement against interest because the defendant *denied* any wrongdoing in his statement to police. The statement was, however, a statement by a party opponent under Conn. Code Evid. § 8-3 (1) (A). Thus, the evidence was excluded improperly as hearsay.

## II

Our inquiry, however, is not concluded. The court excluded the evidence on multiple grounds and, as such, the plaintiff does not prevail by refuting only one ground. Specifically, the court also ruled that the defendant's statement to police was irrelevant to the action and, alternatively, that if it were relevant, the prejudicial effect of the evidence outweighed its probative value. To address the issue of whether the court properly concluded that the prejudicial effect of the evidence outweighed its probative value, we must assume that the evidence at least was minimally relevant to the issue of whether the defendant had had sexual contact with Doe.

The rule of law and the standard of appellate review are as follows. "Although relevant, evidence may be excluded by the trial court if the court determines that the prejudicial effect of the evidence outweighs its probative value. . . . Of course, [a]ll adverse evidence is damaging to one's case, but it is inadmissible only if it creates undue prejudice so that it threatens an injustice were it to be admitted. . . . The test for determining whether evidence is unduly prejudicial is not whether it is damaging to the defendant but whether it will improperly arouse the emotions of the jury. . . . The trial court . . . must determine whether the adverse

impact of the challenged evidence outweighs its probative value. . . . Finally, [t]he trial court's discretionary determination that the probative value of evidence is not outweighed by its prejudicial effect will not be disturbed on appeal unless a clear abuse of discretion is shown. . . . [B]ecause of the difficulties inherent in this balancing process . . . every reasonable presumption should be given in favor of the trial court's ruling. . . . Reversal is required only whe[n] an abuse of discretion is manifest or whe[n] injustice appears to have been done." (Internal quotation marks omitted.) *State* v. *Peeler*, 267 Conn. 611, 637, 841 A.2d 181 (2004); see also Conn. Code Evid. § 4-3.

The defendant's statement to police indicating that he had had sexual contact with a male patient other than Doe would have been powerful evidence for the jury to consider, especially given the defendant's denial of any sexual contact with Doe. It is, of course, classic propensity evidence, the effect of which would have been to lead the jury to believe that because the defendant had sexual contact with one male patient, he was more likely to have had sexual contact with Doe, as alleged. Although the court excluded the statement on the basis of its prejudicial effect rather than as propensity evidence, the difference is of little significance here. Propensity evidence, a species of character evidence, is excludible, in part, because of its prejudicial effect. See, e.g., 1 C. McCormick, Evidence (5th Ed. 1999) § 190. "[E]vidence of character in any form—reputation, opinion from observation, *or specific acts*—generally will not be received to prove that a person engaged in certain conduct . . . on a specific occasion, so-called circumstantial use of character. The reason is the familiar one of prejudice outweighing probative value. Character evidence used for this purpose, while typically being of relatively slight value, usually is laden with the dangerous baggage of prejudice, distraction,

and time-consumption." (Emphasis added.) Id., § 188, p. 654.

The fact that the defendant admitted to sexual contact with one patient had minimal value in proving that he had sexual contact with Doe. Moreover, the plaintiff had the burden of showing that the defendant had unwanted sexual contact with Doe, not that he may have had some sexual contact with his patients in general. Finally, the fact that the defendant had given a statement to police on this topic in the first place would indicate that there was suspicion that he had committed a sexual crime against a patient. Thus, the court's conclusion that the evidence was unfairly prejudicial and minimally probative was not a clear abuse of discretion.

III

Because we have concluded that the court did not abuse its discretion in concluding that the prejudicial effect of the evidence at issue outweighed its probative value, we do not consider the court's ruling that the evidence was irrelevant.

The judgment is affirmed.

In this opinion the other judges concurred.