MARK BROWN ET AL. *v.* BRIGHT CLOUDS MINISTRIES, INC., ET AL.

MARK BROWN ET AL. *v.* T.N.T. LIMITED LIABILITY COMPANY ET AL.
(AC 25291)

Schaller, McLachlan and West, Js.

Argued November 14, 2005—officially released March 7, 2006

*Hugh D. Hughes,* with whom, on the brief, were *William F. Gallagher* and *Joel T. Faxon,* for the appellant (named plaintiff in each case).

*Andrew S. Turret,* for the appellees (defendants in the second case).

*Joseph A. LaBella,* for the appellee (named defendant in the first case).

*Opinion*

WEST, J. The plaintiff Mark Brown[1] appeals from the judgments of the trial court rendered following jury verdicts in favor of the defendants, Bright Clouds Ministries, Inc. (Bright Clouds), T.N.T. Limited Liability Company, T.N.T. Construction Company, Anthony T. Seminara and John Vegerano. On appeal, the plaintiff claims that the court improperly failed to admit into evidence (1) a witness' written statement and (2) two safety inspection reports. We affirm the judgments of the trial court.

The plaintiff commenced two separate actions against the defendants for injuries that he suffered on February 5, 1998, when he fell from the roof of Bright Clouds' church, which was under construction in Danbury. The plaintiff had been installing fire alarm wiring near several large windows located at the top of the church. All of those windows were glassed in except one, which was covered by plywood. The plaintiff claimed that the plywood was missing when he was working near the window and that he consequently fell through the window, slid down the roof and landed on a pickup truck. The defendants maintained that the

---

[1] Brown's wife, Geri M. Brown, was the other plaintiff in these cases, but is not a party to this appeal. We therefore refer to Mark Brown as the plaintiff.

plaintiff had removed the plywood himself and stepped onto the roof, where he slipped on ice and fell. The two cases were consolidated for trial, after which the jury returned verdicts in favor of the defendants. This appeal followed.

I

The plaintiff first claims that the court should have admitted into evidence a written statement of Charles Galda, clerk of the works for Bright Clouds' church construction project. We disagree.

Galda testified at trial that he had seen the plywood covering the window shortly before the plaintiff's accident. On February 17, 1998, twelve days after the accident, Galda provided a two page, handwritten statement to an investigator hired by Bright Clouds. In that statement, Galda did not refer to the plywood. The plaintiff moved to admit Galda's statement as a prior inconsistent statement or, alternatively, a statement by a party opponent, but the court determined that Galda's statement was inadmissible hearsay not within an exception to the rule against hearsay.

We first set forth the applicable standard of review. "The trial court's ruling on the admissibility of evidence is entitled to great deference. . . . [T]he trial court has broad discretion in ruling on the admissibility . . . of evidence . . . [and its] ruling on evidentiary matters will be overturned only upon a showing of a clear abuse of the court's discretion. . . . We will make every reasonable presumption in favor of upholding the trial court's ruling, and only upset it for a manifest abuse of discretion." (Internal quotation marks omitted.) *Jacobs* v. *General Electric Co.*, 275 Conn. 395, 406, 880 A.2d 151 (2005).[2]

---

[2] At least three of this court's decisions state that the admissibility of evidence pursuant to an exception to the rule against hearsay is a question of law subject to plenary review. See *State* v. *Saucier*, 90 Conn. App. 132, 144, 876 A.2d 572, cert. granted on other grounds, 275 Conn. 928, 883 A.2d 1251 (2005); *Doe* v. *Christoforo*, 87 Conn. App. 359, 363, 865 A.2d 444, cert.

We first address the plaintiff's argument that Galda's statement was a prior inconsistent statement. The plaintiff argues that Galda's statement was inconsistent with his trial testimony because he referred to the absence of the plywood in his testimony but not in his statement. Galda wrote in his statement that he was present at Bright Clouds' church construction project on the date of the accident and spoke to the plaintiff before the accident. Galda did not witness the accident, however, and was told that the plaintiff had fallen from the roof of the church. Galda wrote in his statement: "I have no [firsthand] knowledge about how [the plaintiff] was involved in the reported accident. There were stairs to the second floor but a couple of ladders would be required to get to the area [that the plaintiff] may have been working in."

"An out-of-court statement used to prove the truth of the matter asserted is hearsay and is generally inadmissible unless an exception applies." *DeMarkey* v. *Fratturo*, 80 Conn. App. 650, 654, 836 A.2d 1257 (2003). Section 8-5 (1) of the Connecticut Code of Evidence exempts from the rule against hearsay "[a] prior inconsistent statement of a witness, provided (A) the statement is in writing, (B) the statement is signed by the witness, and (C) the witness has personal knowledge of the contents of the statement." In determining whether a former statement qualifies as a prior inconsistent statement, "[i]f a former statement fails to mention a material fact presently testified to, which it should have been natural to mention in the prior statement, the prior statement is sufficiently inconsistent." (Internal quotation marks omitted.) *State* v. *Vasquez*, 68 Conn. App. 194, 201, 792 A.2d 856 (2002).

granted on other grounds, 273 Conn. 920, 871 A.2d 1027 (2005) (appeal withdrawn October 13, 2005); *State* v. *Gonzalez*, 75 Conn. App. 364, 375, 815 A.2d 1261 (2003), rev'd on other grounds, 272 Conn. 515, 864 A.2d 847 (2005). Plenary review is appropriate, however, only when an evidentiary ruling involves a clear misconception of the law. See *State* v. *Aaron L.*, 272 Conn. 798, 811 n.19, 865 A.2d 1135 (2005).

In the present case, Galda's statement indicated that he did not witness the accident and did not know where the plaintiff had been working when the plaintiff fell from the roof. Galda only speculated briefly as to where the plaintiff might have been working. Because Galda did not have direct knowledge of the circumstances of the plaintiff's accident, it would not necessarily have been natural for Galda in writing his statement to mention the plywood covering the window in the front of the church. Galda's two page statement did not purport to include every observation that he had made on the date of the accident. Galda's failure to refer to the plywood therefore did not render his statement inconsistent with his trial testimony.

We next address the plaintiff's argument that Galda's statement was a statement by a party opponent. Section 8-3 (1) of the Connecticut Code of Evidence exempts from the rule against hearsay "[a] statement that is being offered against a party and is . . . (C) a statement by a person authorized by the party to make a statement concerning the subject . . . ." The plaintiff argues that Galda had authority to make the statement on behalf of Bright Clouds because he served as clerk of the works for the church construction project, but we disagree. "The mere existence of an employment relationship without more does not render statements of an employee admissible against an employer. . . . Before evidence can be admitted to show what an agent said, it must be established that the agent was authorized by the principal to make an admission." (Citation omitted; internal quotation marks omitted.) *Chieffalo* v. *Norden Systems, Inc.*, 49 Conn. App. 474, 478, 714 A.2d 1261 (1998).

The facts clearly indicate that Galda provided the statement to an investigator hired by Bright Clouds to determine what had happened on the date of the

plaintiff's accident. The plaintiff did not establish that Bright Clouds had authorized Galda to speak on its behalf. Galda's statement therefore did not qualify as a statement by a party opponent. Accordingly, the court did not abuse its discretion in excluding Galda's statement as hearsay.

## II

The plaintiff next claims that the court should have admitted into evidence two reports written by an inspector with the federal Occupational Safety and Health Administration. We disagree.

The reports included a summary of the circumstances of the plaintiff's accident, based on the inspector's interviews with Galda and other individuals connected with the defendants, but the reports did not refer to the plywood covering the window in the front of the church. The court determined that the reports were inadmissible hearsay and therefore excluded them.

In support of his claim, the plaintiff argues that the inspector's failure to refer to the plywood constituted a statement by the defendants that the plywood was not present at the time of the accident, and, therefore, the reports were admissible pursuant to the hearsay exception for statements by a party opponent. We find that argument entirely implausible because the reports represented the statements of the inspector, not the defendants. A statement by a party opponent must be "the party's own statement, in either an individual or a representative capacity . . . ." Conn. Code Evid. § 8-3 (1) (A). The court therefore did not abuse its discretion in excluding the reports as hearsay.

The judgments are affirmed.

In this opinion the other judges concurred.