## STATE OF CONNECTICUT *v.* LONNIE OWEN
(AC 27803)

Gruendel, Lavine and Foti, Js.

Argued February 21—officially released May 1, 2007

*Glenn W. Falk*, special public defender, for the appellant (defendant).

*Joseph T. Corradino*, senior assistant state's attorney, with whom, on the brief, was *Jonathan C. Benedict*, state's attorney, for the appellee (state).

*Opinion*

FOTI, J. The defendant, Lonnie Owen, appeals from the judgment of conviction, rendered after a jury trial, of murder in violation of General Statutes § 53a-54a (a). On appeal, the defendant claims that the trial court improperly failed to admit into evidence a witness' written statement.[1] We affirm the judgment of the trial court.

On January 1, 2003, at approximately 7:40 a.m., the body of Jikki Bruce was found on Center Street in Bridgeport. The cause of Bruce's death was a single gunshot wound to his abdomen. After an investigation, the police determined that the defendant had shot Bruce on the fifth floor of a building in a housing project approximately eight hours before Bruce's body was found. Bruce fled from that building and then collapsed and died one block away on Center Street. The state charged the defendant with murder, but he claimed that he had been at a New Haven nightclub at the time that Bruce had been shot. After a trial, the jury returned a verdict of guilty. The court rendered judgment in accordance with the verdict and sentenced the defendant to sixty years incarceration. This appeal followed.

---

[1] The defendant also claimed in his brief that the court improperly admitted into evidence another witness' written statement and a transcript of that witness' testimony at a probable cause hearing. In a letter to this court prior to oral argument, the defendant abandoned that claim upon realizing that defense counsel had failed to object to the admission of the written statement and transcript at the defendant's trial.

The defendant's sole claim on appeal is that the court should have admitted into evidence the written statement of Juan Gomes, who lived near the site of Bruce's death on Center Street. Gomes provided his statement to the police shortly after Bruce's body was found. According to Gomes' statement, he had been drinking beer with his friends on his porch at approximately 2 a.m. on January 1, 2003, and had seen three or four men chase and shoot at another man on Center Street. Gomes admitted in his statement that he had been drunk at that time and that he could not describe the man who had been chased and shot at because it was dark and the incident happened quickly. Although Gomes was unavailable to testify at trial, the defendant moved to admit Gomes' statement into evidence under the residual exception to the rule against hearsay. The court determined that that statement was not reasonably necessary to the resolution of the case and therefore excluded it.

"The trial court's ruling on the admissibility of evidence is entitled to great deference. . . . [T]he trial court has broad discretion in ruling on the admissibility . . . of evidence . . . [and its] ruling on evidentiary matters will be overturned only upon a showing of a clear abuse of the court's discretion. . . . We will make every reasonable presumption in favor of upholding the trial court's ruling, and only upset it for a manifest abuse of discretion. . . . Moreover, evidentiary rulings will be overturned on appeal only where there was an abuse of discretion and a showing by the defendant of substantial prejudice or injustice." (Internal quotation marks omitted.) *State* v. *Alexander*, 95 Conn. App. 154, 159, 895 A.2d 865, cert. denied, 280 Conn. 909, 908 A.2d 539 (2006).

"An out-of-court statement used to prove the truth of the matter asserted is hearsay and is generally inadmissible unless an exception applies." (Internal quotation marks omitted.) *Brown* v. *Bright Clouds*

*Ministries, Inc.*, 94 Conn. App. 181, 185, 891 A.2d 999, cert. denied, 278 Conn. 907, 899 A.2d 35 (2006). Section 8-9 of the Connecticut Code of Evidence provides: "A statement that is not admissible under any [other exception to the rule against hearsay] is admissible if the court determines that (1) there is a reasonable necessity for the admission of the statement, and (2) the statement is supported by equivalent guarantees of trustworthiness and reliability that are essential to other evidence admitted under traditional exceptions to the hearsay rule." "The requirement of reasonable necessity is met when, unless the hearsay statement is admitted, the facts it contains may be lost, either because the declarant is dead or otherwise unavailable, or because the assertion is of such a nature that evidence of the same value cannot be obtained from the same or other sources." (Internal quotation marks omitted.) *State* v. *Skakel*, 276 Conn. 633, 727–28, 888 A.2d 985, cert. denied, 549 U.S. 1030, 127 S. Ct. 578, 166 L. Ed. 2d 428 (2006); accord Conn. Code Evid. § 8-9, commentary.

We conclude that the court properly excluded Gomes' statement because it was not reasonably necessary to the resolution of the defendant's case. It is not clear that Gomes' observation of three or four men chasing and shooting at another man had any relationship to the murder of Bruce. Gomes admitted that he was drunk and could not see the man who had been chased and shot at because it was dark and the incident happened quickly. Even if that man had been Bruce, Gomes did not have any information that cast doubt on the defendant's guilt because the defendant could have been one of the three or four men chasing and shooting at the man assumed to be Bruce. Gomes' statement did not contain any facts of sufficient value to meet the requirement of reasonable necessity under the residual exception to the rule against hearsay. Accordingly, the court did

not abuse its discretion in refusing to admit Gomes' statement into evidence.

The judgment is affirmed.

In this opinion the other judges concurred.