STATE OF CONNECTICUT *v.* MICHAEL ALEXANDER
(AC 25083)

Schaller, Harper and West, Js.

Argued January 9—officially released May 2, 2006

*Neal Cone,* senior assistant public defender, with whom, on the brief, was *Martin Zeldis,* public defender, for the appellant (defendant).

*Christopher T. Godialis,* senior assistant state's attorney, with whom, on the brief, were *James E. Thomas,* state's attorney, and *Terri L. Sonnemann,* assistant state's attorney, for the appellee (state).

*Opinion*

WEST, J. The defendant, Michael Alexander, appeals from the judgment of conviction, rendered after a jury trial, of possession of narcotics in violation of General Statutes § 21a-279 (a), possession of narcotics within 1500 feet of a school in violation of General Statutes § 21a-279 (d), possession of narcotics with intent to sell by a person who is not drug-dependent in violation of General Statutes § 21a-278 (b) and possession of a controlled substance with intent to sell within 1500 feet of a school in violation of General Statutes § 21a-278a (b). On appeal, the defendant claims that the trial court improperly (1) admitted evidence of his prior criminal

conviction and (2) instructed the jury on reasonable doubt. We affirm the judgment of the trial court.

On July 6, 2001, two Hartford police detectives observed a red car drive up to the defendant, who was standing on a sidewalk. A man exited the car, gave the defendant money, received an item in return and then drove away. As the detectives approached the defendant, he threw a plastic bag into some bushes. The detectives retrieved the bag, arrested the defendant and discovered that he was carrying $2563. A field test revealed that the bag contained cocaine.

After a trial, the jury returned a verdict of guilty on all counts. The court rendered judgment in accordance with the verdict and sentenced the defendant to a total effective term of fifteen years incarceration, execution suspended after nine years, followed by four years of probation. This appeal followed.

I

The defendant first claims that the court improperly admitted evidence of his prior criminal conviction. We disagree.

In its case-in-chief, the state moved to introduce evidence that, in 1998, the defendant had pleaded guilty to possession of narcotics with intent to sell. The state argued that the defendant's conviction of that crime was relevant to show his intent to sell narcotics in the present case. The court determined that evidence of the defendant's prior conviction would be more prejudicial than probative and, therefore, denied the state's motion, but the court informed the defendant that it would revisit its ruling if he chose to present evidence of his intent or raised the issue on cross-examination.

Thereafter, the defendant indicated that he wanted to offer the testimony of his uncle, Robert Wilson, who lived near the site of the defendant's arrest. When the

court asked defense counsel to explain the relevance of Wilson's testimony, defense counsel stated that "it indicates that [the defendant] wasn't [in] the area to sell drugs, but to visit a relative, which goes to the issue of . . . whether he was intending to sell the narcotics or use them." The court then asked defense counsel: "So, your claim then, is that [Wilson's] testimony goes to the intent of the defendant on that day?" Defense counsel responded: "Correct." After Wilson testified, the state renewed its motion to introduce evidence of the defendant's prior conviction. The court granted the motion and instructed the jury to consider the conviction only for the purpose of determining the defendant's intent.

The defendant argues that the court's admission of evidence of his prior conviction deprived him of a fair trial and the presumption of innocence. We are persuaded, however, that the defendant has cast a purely evidentiary claim in constitutional terms.[1] It is well settled that "[e]vidence of a defendant's bad character, as shown through his commission of other crimes, is inadmissible to show that the defendant on a particular occasion acted in conformity therewith. Such evidence is admissible, however, to prove knowledge, intent, motive, and common scheme or design, if the trial court determines, in the exercise of judicial discretion, that the probative value of the evidence outweighs its prejudicial tendency." *State* v. *Lizzi*, 199 Conn. 462, 468, 508 A.2d 16 (1986); see also Conn. Code Evid. § 4-5. "[O]ur *common law rules of evidence* . . . *suggest that the* admissibility of prior convictions on appeal is an eviden-

---

[1] Defense counsel clearly preserved the claim on evidentiary grounds. He also appears to have preserved the claim on constitutional grounds by objecting that "the jury would . . . look at [the defendant] as a drug dealer" and that admitting evidence of the conviction "takes away his ability to present a defense . . . ." Even if those objections did not preserve the claim properly on constitutional grounds, the defendant seeks review pursuant to *State* v. *Golding*, 213 Conn. 233, 239–40, 567 A.2d 823 (1989).

tiary question . . . ." *State* v. *Varszegi*, 236 Conn. 266, 272, 673 A.2d 90 (1996). Furthermore, this court previously has ruled that a claim challenging the introduction of prior convictions for impeachment purposes "is concerned solely with an evidentiary ruling . . . . Calling [the claim] a constitutional issue will not make it one." (Internal quotation marks omitted.) *State* v. *Dawkins*, 42 Conn. App. 810, 820, 681 A.2d 989, cert. denied, 239 Conn. 932, 683 A.2d 400 (1996); *State* v. *Varszegi*, 36 Conn. App. 680, 686, 653 A.2d 201 (1995), aff'd, 236 Conn. 266, 673 A.2d 90 (1996).[2]

Our law is clear that a court may admit evidence of prior convictions for the purpose of proving intent if it determines that the probative value of the evidence outweighs the danger of unfair prejudice. In the defendant's view, the balancing test that our courts employ is insufficient to guard against the prohibition in § 4-5 (a) of the Connecticut Code of Evidence against the use of prior conviction evidence for the purpose of proving bad character or criminal tendencies. The defendant therefore invites us to adopt a different standard for the admissibility of prior conviction evidence and offers us numerous citations to law review articles and cases from other jurisdictions. In particular, the defendant directs us to *State* v. *Sullivan*, 679 N.W.2d 19, 28 (Iowa 2004), which requires the prosecutor to articulate "a valid, noncharacter theory of admissibility," and to *Harris* v. *State*, 324 Md. 490, 500, 597 A.2d 956 (1991), which requires prior conviction evidence to be "substantially relevant . . . ." Because those

---

[2] Review under *State* v. *Golding*, 213 Conn. 233, 239–40, 567 A.2d 823 (1989), would be similarly unavailing because that case provides that "[t]he defendant . . . bears the responsibility of demonstrating that his claim is indeed a violation of a fundamental constitutional right. Patently nonconstitutional claims that are unpreserved at trial do not warrant special consideration simply because they bear a constitutional label. . . . [O]nce identified, unpreserved evidentiary claims masquerading as constitutional claims will be summarily dismissed." (Citations omitted.) Id., 240–41.

authorities conflict with our well settled law on the admissibility of prior conviction evidence, we must decline the defendant's invitation to adopt a different standard.[3]

We next turn to the standard of review that applies to the defendant's claim. "The trial court's ruling on the admissibility of evidence is entitled to great deference. . . . [T]he trial court has broad discretion in ruling on the admissibility . . . of evidence . . . [and its] ruling on evidentiary matters will be overturned only upon a showing of a clear abuse of the court's discretion. . . . We will make every reasonable presumption in favor of upholding the trial court's ruling, and only upset it for a manifest abuse of discretion. . . . Moreover, evidentiary rulings will be overturned on appeal only where there was an abuse of discretion and a showing by the defendant of substantial prejudice or injustice." (Internal quotation marks omitted.) *Jacobs v. General Electric Co.*, 275 Conn. 395, 406, 880 A.2d 151 (2005).

In the present case, the court initially ruled that evidence of the defendant's prior conviction would be more prejudicial than probative. The court admitted the evidence only after the defendant had put his intent in issue by offering Wilson's testimony. The court then instructed the jury to consider the evidence only for the purpose of determining the defendant's intent. The defendant has failed to show that the court's ruling was unjust or that it substantially prejudiced him. We therefore conclude that the court did not abuse its discretion.

---

[3] Furthermore, as an intermediate appellate court, we lack the authority to overrule our Supreme Court's precedent regarding the admissibility of evidence. See, e.g., *State v. Henry*, 76 Conn. App. 515, 548, 820 A.2d 1076, cert. denied, 264 Conn. 908, 826 A.2d 178 (2003).

## II

The defendant next claims that the court improperly (1) instructed the jury on the meaning of reasonable doubt and (2) refused his request for an additional instruction on reasonable doubt. We disagree with both parts of the defendant's claim.

### A

The defendant challenges the following portion of the court's instructions regarding the meaning of reasonable doubt: "It is not a doubt suggested by counsel, which is not warranted by the evidence. . . . Proof beyond a reasonable doubt does not mean proof beyond all reasonable doubt . . . ."[4]

"When a challenge to a jury instruction is of constitutional magnitude, the standard of review is whether it is reasonably possible that the jury [was] misled. . . . [T]he charge to the jury is not to be critically dissected for the purpose of discovering possible inaccuracies of statement, but it is to be considered rather as to its probable effect upon the jury in guiding [it] to a correct verdict in the case. . . . The charge is to be read as a whole and individual instructions are not to be judged in artificial isolation from the overall charge. . . . The test to be applied . . . is whether the charge, consid-

---

[4] The defendant did not object to those instructions at trial and now seeks *Golding* review: "[A] defendant can prevail on a claim of constitutional error not preserved at trial only if *all* of the following conditions are met: (1) the record is adequate to review the alleged claim of error; (2) the claim is of constitutional magnitude alleging the violation of a fundamental right; (3) the alleged constitutional violation clearly exists and clearly deprived the defendant of a fair trial; and (4) if subject to harmless error analysis, the state has failed to demonstrate harmlessness of the alleged constitutional violation beyond a reasonable doubt." (Emphasis in original.) *State* v. *Golding*, 213 Conn. 233, 239–40, 567 A.2d 823 (1989). We will review the defendant's claim pursuant to *Golding* because there is an adequate record, and "a claim of instructional error regarding the burden of proof is of constitutional magnitude." *State* v. *Howard*, 88 Conn. App. 404, 429, 870 A.2d 8, cert. denied, 275 Conn. 917, 883 A.2d 1250 (2005).

ered as a whole, presents the case to the jury so that no injustice will result." (Citation omitted; internal quotation marks omitted.) *State* v. *Straub*, 90 Conn. App. 147, 152–53, 877 A.2d 866, cert. denied, 275 Conn. 927, 883 A.2d 1252 (2005).

As to the court's instruction that a reasonable doubt "is not a doubt suggested by counsel, which is not warranted by the evidence," our Supreme Court previously has determined that that language is not constitutionally infirm. See *State* v. *Betances*, 265 Conn. 493, 508–11, 828 A.2d 1248 (2003). As to the court's instruction that "[p]roof beyond a reasonable doubt does not mean proof beyond *all reasonable doubt*"; (emphasis added); the court should have stated that "[p]roof beyond a reasonable doubt does not mean proof beyond *all possible doubt*" or that "[p]roof beyond a reasonable doubt does not mean proof beyond *all doubt*." See D. Borden & L. Orland, 5 Connecticut Practice Series: Connecticut Criminal Jury Instructions (2d Ed. 1997) §§ 2.9 and 2.10, pp. 80, 99. In directing us to the court's inaccurate statement, however, the defendant has critically dissected the charge and artificially isolated the inaccuracy from the overall charge. The proper standard of review requires the charge to be considered as a whole. On the basis of our review of the entire charge, we conclude that it is not reasonably possible that the jury was misled by the court's isolated inaccuracy.

B

The defendant also claims that the court improperly refused his request to instruct the jury that "before you may reach any verdict of guilty, each of you must reach a subjective state of near certainty of the defendant's guilt." The defendant requested that instruction after the court already had instructed the jury that "[p]roof beyond a reasonable doubt is proof that precludes every

reasonable hypothesis except guilt and is inconsistent with any other rational conclusion."

Our Supreme Court previously has determined that the language contained in the defendant's proposed instruction is not necessary when the court gives a standard charge on reasonable doubt. See *State* v. *Ryerson*, 201 Conn. 333, 341–44, 514 A.2d 337 (1986). Furthermore, "although a legally accurate and properly submitted request to charge should be accepted by the trial court, the refusal to do so is not a ground for reversal if the substance of the request is adequately conveyed to the jury in other portions of the charge." Id., 343. Because the instruction that the defendant requested was essentially the same as the instruction that the court already had given, we determine that the court acted properly in declining to give the defendant's proposed instruction. See *State* v. *Straub*, supra, 90 Conn. App. 153.

The judgment is affirmed.

In this opinion the other judges concurred.