STATE OF CONNECTICUT *v.* DARRYL FAUNTLEROY
(AC 27016)

Schaller, DiPentima and Gruendel, Js.

Argued February 15—officially released May 8, 2007

*David J. Reich*, special public defender, for the appellant (defendant).

*Timothy F. Costello*, special deputy assistant state's attorney, with whom, on the brief, were *Michael Dearington*, state's attorney, and *Richard L. Palombo, Jr.*, senior assistant state's attorney, for the appellee (state).

*Opinion*

DiPENTIMA, J. The defendant, Darryl Fauntleroy, appeals from the judgment of conviction, rendered after a jury trial, of attempt to commit burglary in the third degree in violation of General Statutes §§ 53a-49 and 53a-103 (a), attempt to commit larceny in the sixth

degree in violation of General Statutes §§ 53a-49 and 53a-125b, and criminal mischief in the third degree in violation of General Statutes § 53a-117. On appeal, the defendant claims that (1) the state produced insufficient evidence for the jury to find him guilty of all charges and that the trial court was thus obligated to render a judgment of acquittal, (2) the court improperly instructed the jury on an essential element of larceny in the sixth degree, (3) § 53a-125b (a) is unconstitutionally vague and (4) General Statutes § 53a-121 (a) (3) unconstitutionally relieves the state of its burden of proof under the larceny statute. We affirm the judgment of the trial court.

The jury reasonably could have found the following facts. During the early morning hours of October 15, 2004, the defendant was observed by a Yale University police officer, Gregg Curran, walking through a well lit public parking lot on the Yale University campus looking through the windows of parked cars. The defendant stopped at a Nissan Pathfinder with tinted windows and began pulling on the door frame of the driver's side door and shaking the vehicle. The Pathfinder contained two coats that had been placed in the locked vehicle earlier in the evening by its owner. After a few moments, the defendant moved to the rear driver's side door, paused to look around the lot and then began striking the rear driver's side window of the vehicle with a heavy object. Curran called for backup help and left his position to block the nearest exit from the lot. From his new position, Curran heard a car alarm sound in the lot. Sergeant Jeannine Hemenway was the first officer on the scene and stopped the defendant as he was attempting to exit the lot. Curran joined Hemenway and identified the defendant as the person attempting to break into the Pathfinder. At the time he was apprehended, the defendant did not have either of the coats in his possession. The defendant was arrested and

charged. After the state rested at trial, the defendant made an oral motion for a judgment of acquittal with respect to the attempt to commit burglary, attempt to commit larceny and criminal mischief charges, which the court denied. Following the jury trial, the defendant was convicted and sentenced to five years incarceration, execution suspended, and three years of probation with special conditions. This appeal followed. Additional facts will be set forth as necessary.

I

The defendant's first claim on appeal is that the evidence was insufficient to form the basis of a conviction for attempt to commit burglary in the third degree, attempt to commit larceny in the sixth degree and criminal mischief in the third degree. Specifically, the defendant argues that the state failed to prove that (1) he had the requisite specific intent to steal the coats, (2) he took a substantial step toward completing the charged crimes and (3) he was not given permission to enter the vehicle. We are not persuaded.

In reviewing sufficiency of the evidence claims, we apply a two part test. "First, we construe the evidence in the light most favorable to sustaining the verdict. Second, we determine whether upon the facts so construed and the inferences reasonably drawn therefrom the [finder of fact] reasonably could have concluded that the cumulative force of the evidence established guilt beyond a reasonable doubt." (Internal quotation marks omitted.) *State* v. *Straub*, 90 Conn. App. 147, 153–54, 877 A.2d 866, cert. denied, 275 Conn. 927, 883 A.2d 1252 (2005).

"While . . . every element [must be] proven beyond a reasonable doubt in order to find the defendant guilty of the charged offense, each of the basic and inferred facts underlying those conclusions need not be proved beyond a reasonable doubt. . . . If it is reasonable and

logical for the jury to conclude that a basic fact or an inferred fact is true, the jury is permitted to consider the fact proven and may consider it in combination with other proven facts in determining whether the cumulative effect of all the evidence proves the defendant guilty of all the elements of the crime charged beyond a reasonable doubt. . . . Moreover, [i]n evaluating evidence that could yield contrary inferences, the [jury] is not required to accept as dispositive those inferences that are consistent with the defendant's innocence. . . . As we have often noted, proof beyond a reasonable doubt does not mean proof beyond all possible doubt . . . nor does proof beyond a reasonable doubt require acceptance of every hypothesis of innocence posed by the defendant that, had it been found credible by the [jury], would have resulted in an acquittal. . . . On appeal, we do not ask whether there is a reasonable view of the evidence that would support a reasonable hypothesis of innocence. We ask, instead, whether there is a reasonable view of the evidence that supports the jury's verdict of guilty." (Internal quotation marks omitted.) *State* v. *Leon-Zazueta*, 80 Conn. App. 678, 682, 836 A.2d 1273 (2003), cert. denied, 268 Conn. 901, 845 A.2d 405 (2004). With this standard of review in mind, we will review the defendant's sufficiency claims together, as the defendant juxtaposes his arguments with respect to each conviction.

"Burglary in the third degree is defined in General Statutes § 53a-103 as enter[ing] or remain[ing] unlawfully in a building with intent to commit a crime therein." (Internal quotation marks omitted.) *State* v. *Henning*, 220 Conn. 417, 429, 599 A.2d 1065 (1991). As defined in General Statutes § 53a-100 (a) (1), a vehicle comes within the definition of building.

With respect to larceny, "Connecticut courts have interpreted the essential elements of larceny as (1) the

wrongful taking or carrying away of the personal property of another; (2) the existence of a felonious intent in the taker to deprive the owner of [the property] permanently; and (3) the lack of consent of the owner." (Internal quotation marks omitted.) *State* v. *Flowers*, 69 Conn. App. 57, 69, 797 A.2d 1122, cert. denied, 260 Conn. 929, 798 A.2d 972 (2002). General Statutes § 53a-125b entitled, "Larceny in the sixth degree: Class C misdemeanor," provides: (a) A person is guilty of larceny in the sixth degree when he commits larceny as defined in section 53a-119 and the value of the property or service is two hundred fifty dollars or less."

With respect to criminal mischief, "[t]he essential elements of the crime of criminal mischief in the third degree[1] are (1) that tangible property of another was damaged, (2) that the defendant intentionally or recklessly caused the damage and (3) that the defendant has no reasonable ground to believe that he had a right to do so." *State* v. *Hoskins*, 35 Conn. Sup. 587, 595, 401 A.2d 619 (1978).

The defendant was charged with attempt to commit burglary in the third degree and attempt to commit larceny in the sixth degree. "An attempt of a crime is accomplished when a person intentionally does or omits to do anything which, under the circumstances as he believes them to be, is an act or omission constituting a substantial step in a course of conduct planned to culminate in his commission of the crime. . . . The defendant also must have possessed the specific intent to commit the underlying crime. An attempt is an inchoate crime, meaning that it is unfinished or begun with the proper intent but not finished. . . . [T]he attempt is complete and punishable, when an act is done with

---

[1] General Statutes § 53a-117 (a) provides in relevant part: "A person is guilty of criminal mischief in the third degree when, having no reasonable ground to believe that such person has a right to do so, such person: (1) Intentionally or recklessly (A) damages tangible property of another . . . ."

intent to commit the crime, which is adapted to the perpetration of it, whether the purpose fails by reason of interruption . . . or for other extrinsic cause." (Citation omitted; internal quotation marks omitted.) *State v. Jones*, 96 Conn. App. 634, 641, 902 A.2d 17, cert. denied, 280 Conn. 919, 908 A.2d 544 (2006).

### A

The crux of the defendant's first sufficiency claim is that because the coats in the vehicle were not in view and the type and quality of the coats were unknown, the state failed to prove that the defendant had the specific intent necessary to sustain a conviction for attempt to commit larceny in the sixth degree. Because larceny formed the basis of the attempt to commit burglary charge, he challenges the sufficiency of the evidence to sustain that conviction as well.

On the night of the incident, Lisa Smith had parked the Pathfinder in the lot while she and a friend went to local area clubs. She returned to the vehicle after it had been parked to put her coat and her friend's coat in the backseat. After putting the coats in the backseat, she locked the doors. When questioned about her actions, Lisa Smith testified that she returned the coats to the car because the weather was warmer than she had anticipated and she did not want to leave them in the club.

"It is well established that [t]he question of intent is purely a question of fact. . . . The state of mind of one accused of a crime is often the most significant and, at the same time, the most elusive element of the crime charged. . . . Because it is practically impossible to know what someone is thinking or intending at any given moment, absent an outright declaration of intent, a person's state of mind is usually proven by circumstantial evidence. . . . Intent may be and usually is inferred from conduct. . . . [W]hether such an inference

should be drawn is properly a question for the jury to decide." (Internal quotation marks omitted). *State* v. *Smith*, 99 Conn. App. 116, 133, 912 A.2d 1080, cert. denied, 281 Conn. 917, 917 A.2d 1000 (2007).

In the present case, the jury reasonably could have inferred from the defendant's conduct, which included peering through the windows of the Pathfinder during the early morning hours in a well lit parking lot, pulling on the door frames and then striking the window with an object, that the defendant had seen the coats in the back of the vehicle and intended to steal the coats when he broke the window. Those facts amply support the jury's conclusion that the defendant attempted to enter the vehicle unlawfully with the specific intent to commit a crime therein. The defendant's claim that the tinted windows would have prevented him from seeing the coats is not convincing when considered in conjunction with the defendant's conduct. We are equally not persuaded by the defendant's assertion that because the value of the coats was unknown, the defendant's intent was lacking. It is not necessary to prove that the coats were spun from silk or fashioned from the finest cloth to satisfy the statutory requirement of value set forth in § 53a-125b. Property is defined in the larceny statutes as merely "any . . . personal property . . . or article of value of any kind. . . ." General Statutes § 53a-118 (a) (1). Even the simplest garment has some cognizable value to its owner when used in some capacity. See, e.g., *State* v. *McArthur*, 96 Conn. App. 155, 170, 899 A.2d 691 (statutory requirement of value set forth in larceny statute satisfied where jury found credible testimony as to usefulness of item taken), cert. denied, 280 Conn. 908, 907 A.2d 93 (2006). In the present case, Smith testified about the coats' usefulness on the night of the incident. On the basis of that testimony, the jury had a valid basis for finding that the coats had some cognizable value. See General Statutes § 53a-125b.

B

The defendant's next sufficiency claim is that the state did not prove that the defendant took a substantial step toward completing the crime of larceny in the sixth degree or burglary in the third degree. Specifically, the defendant argues that because no proof of the damage to the Pathfinder was introduced at trial, the state did not meet its burden.

This argument warrants little discussion. There was ample evidence submitted at trial to establish that the defendant broke the window of the Pathfinder in an effort to commit a crime therein. That conduct, coupled with the defendant's actions prior to breaking the window, constituted a substantial step in completing the crimes for which he ultimately was convicted.

C

The defendant's final sufficiency claim, with respect to the attempt to commit burglary and criminal mischief charges, centers on whether he was given permission to enter the vehicle. The defendant claims that because no evidence was presented by the legal owner of the vehicle, James Smith, the state failed to prove that the defendant did not have permission to enter the vehicle.

At the time of the incident, the Pathfinder was registered to James Smith. His former wife, Lisa Smith, was in possession of the vehicle prior to, during and following the night of the incident. Lisa Smith testified that she did not know the defendant and did not give him permission to enter the vehicle.

The defendant mistakenly relies on the distinction between legal ownership and rightful possession to sustain his argument. For purposes of our criminal statutory scheme, however, that is a distinction without a difference. The defendant is correct that James Smith was the legal owner of the vehicle. There was testimony

presented, however, establishing that Lisa Smith was in rightful possession of the vehicle prior to, during and following the incident. Neither the burglary nor the criminal mischief statute defines "owner." In seeking guidance on the definition of "owner," we find General Statutes § 53a-118 (a) (5) to be instructive.[2] Section 53a-118 (a) (5) defines owner as "any person who has a right to possession superior to that of a taker, obtainer or withholder." There is ample support in the record to justify the court's finding, on the basis of the direct testimony of Lisa Smith, that the defendant did not have her consent to enter the vehicle. The present case is thus distinguishable from the case cited by the defendant, *State* v. *Godfrey*, 39 Conn. App. 1, 663 A.2d 1117 (1995), appeal dismissed, 236 Conn. 904, 670 A.2d 1305 (1996), in which there was no direct evidence that the defendant did not have the permission of the owner or person in rightful possession to enter the vehicle. Id., 7.

With respect to all of the defendant's sufficiency challenges, we note that "[i]n considering the evidence introduced in a case, [triers of fact] are not required to leave common sense at the courtroom door . . . nor are they expected to lay aside matters of common knowledge or their own observations and experience of the affairs of life, but, on the contrary, to apply them to the facts in hand, to the end that their action may be intelligent and their conclusions correct." (Internal quotation marks omitted.) *Welsch* v. *Groat*, 95 Conn. App. 658, 666–67, 897 A.2d 710 (2006). Accordingly, we conclude that the evidence was sufficient to support the defendant's conviction of attempt to commit larceny in the sixth degree, attempt to commit burglary in the third degree and criminal mischief in the third degree

---

[2] General Statutes § 1-2z permits such guidance to be sought when determining the meaning of a statute. Section 1-2z provides in relevant part: "The meaning of a statute shall, in the first instance, be ascertained from the text of the statute itself and its relationship to other statutes. . . ."

and, therefore, that the court was not obligated to render a judgment of acquittal with respect to those charges.

## II

The defendant next claims that the court improperly instructed the jury on an essential element of larceny in the sixth degree. Specifically, the defendant argues that the court should have instructed the jury that the state had to prove beyond a reasonable doubt that the coats had some monetary value pursuant to § 53a-121 (a) (3). We are not persuaded.

The defendant concedes that he did not properly preserve his claim for appeal by taking exception to the charge as given. See Practice Book § 42-16. He seeks review under the doctrine set forth in *State* v. *Golding*, 213 Conn. 233, 239–40, 567 A.2d 823 (1989).[3] We will review the defendant's claim pursuant to *Golding* because the record is adequate, and an improper instruction on an element of an offense is of constitutional magnitude. See *State* v. *Austin*, 244 Conn. 226, 235, 710 A.2d 732 (1998).

The following additional facts are necessary for our review of the defendant's claim. During its charge to the jury with respect to larceny, the court gave instructions on the essential elements of larceny, which

---

[3] Under *Golding*, "a defendant can prevail on a claim of constitutional error not preserved at trial only if *all* of the following conditions are met: (1) the record is adequate to review the alleged claim of error; (2) the claim is of constitutional magnitude alleging the violation of a fundamental right; (3) the alleged constitutional violation clearly exists and clearly deprived the defendant of a fair trial; and (4) if subject to harmless error analysis, the state has failed to demonstrate harmlessness of the alleged constitutional violation beyond a reasonable doubt. . . . The first two questions relate to whether a defendant's claim is reviewable, and the last two relate to the substance of the actual review." (Citation omitted; emphasis in original; internal quotation marks omitted.) *State* v. *Jordan*, 64 Conn. App. 143, 150, 781 A.2d 310 (2001); see also *State* v. *Estrella*, 277 Conn. 458, 468 n.15, 893 A.2d 348 (2006).

included setting forth the state's burden of proof. After that recitation, the court provided further instruction concerning the degree of the larceny. "Now, in this case it's—the grade is in the sixth degree, and the law sets a standard. In this particular case, the standard is not at all very complicated because it appears from the evidence, if you accept the evidence as it has been presented when you cannot determine the standards that the statutes allow for setting forth the value of the property—when you cannot determine, using those standards, that the state has proven that value beyond a reasonable doubt, you must set the value at less than $50." The court then stated: "If you find the defendant is guilty of larceny, as I said, you go on to consider the value, and the value, as I said, based on the evidence we've heard and the standards that would not really apply in this case because nothing was really recovered, [the] law allows you to set that value at $50 or less, which falls within the parameters of larceny in the sixth degree, which is $250 or less."

Our standard of review with respect to a constitutional challenge to a jury instruction is well established. "[T]he standard of review is whether it is reasonably possible that the jury [was] misled. . . . [T]he charge to the jury is not to be critically dissected for the purpose of discovering possible inaccuracies of statement, but it is to be considered rather as to its probable effect upon the jury in guiding [it] to a correct verdict in the case. . . . The charge is to be read as a whole and individual instructions are not to be judged in artificial isolation from the overall charge. . . . The test to be applied . . . is whether the charge, considered as a whole, presents the case to the jury so that no injustice will result." (Citation omitted; internal quotation marks omitted.) *State* v. *Straub*, supra, 90 Conn. App. 152–53. We note that "[j]ury instructions need not be exhaustive, perfect or technically accurate, so long as they are

correct in law, adapted to the issues and sufficient for the guidance of the jury." (Internal quotation marks omitted.) *Atkin* v. *Marko*, 83 Conn. App. 279, 283, 849 A.2d 399 (2004).

In the present case, the court instructed the jury on the essential elements of larceny in the sixth degree. The defendant does not challenge the court's charge with respect to its recitation of the essential elements of larceny. Rather, the defendant claims that the court failed to instruct the jury that the state had to prove *beyond a reasonable doubt* the value of the coats pursuant to § 53a-121 (a) (3).[4] Because an exact monetary value had not been determined with respect to the coats, the court properly instructed the jury that it could set the value at less than $50 pursuant to § 53a-121 (a) (3). Although the court first used the word "must" with respect to the value assigned to the property, it then immediately repeated the instruction using the word "allow," thereby correcting its earlier instruction and not creating a mandatory presumption as suggested by the defendant. Moreover, as the state notes correctly, during the charge on larceny in the sixth degree, the court made numerous references to the state's burden to prove the elements of the crime charged beyond a reasonable doubt. The defendant challenges the technical accuracy of a portion of the language that the court used in conveying those principles to the jury, language that at the time of trial, he did not perceive to be so damaging as to require an exception or request for an additional instruction. See *State* v. *Sullivan*, 11 Conn. App. 80, 86, 525 A.2d 1353 (1987). The court's charge, when read as a whole, did not mislead the jury by relieving the state of its burden of proving all of the

---

[4] General Statutes § 53a-121 (a) (3) provides: "When the value of property or services cannot be satisfactorily ascertained pursuant to the standards set forth in this section, its value shall be deemed to be an amount less than fifty dollars."

essential elements of the crime charged beyond a rea-
sonable doubt. We conclude, therefore, that this claim
fails to meet *Golding*'s third prong.

### III

The defendant next claims that § 53a-125b (a) is
unconstitutionally vague as applied to the facts of this
case. The defendant failed to raise this claim at trial
and again seeks review under *State* v. *Golding*, supra,
213 Conn. 239–40. The record is adequate for our
review, and a claim that a statute is unconstitutionally
vague implicates a defendant's fundamental due pro-
cess right to fair warning. *State* v. *Coleman*, 83 Conn.
App. 672, 676–77, 851 A.2d 329, cert. denied, 271 Conn.
910, 859 A.2d 571 (2004), cert. denied, 544 U.S. 1050,
125 S. Ct. 2290, 161 L. Ed. 2d 1091 (2005). We decline
to review the claim, however, because it is briefed inad-
equately.

We begin by setting forth the relevant legal principles.
"The void for vagueness doctrine is a procedural due
process concept that originally was derived from the
guarantees of due process contained in the fifth and
fourteenth amendments to the United States constitu-
tion. The Connecticut constitution also requires that
statutes with penal consequences provide sufficient
notice to citizens to apprise them of what conduct is
prohibited. . . . The constitutional injunction that is
commonly referred to as the void for vagueness doc-
trine embodies two central precepts: the right to fair
warning of the effect of a governing statute or regulation
and the guarantee against standardless law enforce-
ment. . . . If the meaning of a statute can be fairly
ascertained a statute will not be void for vagueness
since [m]any statutes will have some inherent
vagueness, for [i]n most English words and phrases
there lurk uncertainties." (Citations omitted; internal
quotation marks omitted.) *State* v. *Burton*, 258 Conn.

153, 158–59, 778 A.2d 955 (2001). "For statutes that do not implicate the especially sensitive concerns embodied in the first amendment, we determine the constitutionality of a statute under attack for vagueness by considering its applicability to the particular facts at issue." (Internal quotation marks omitted.) *State* v. *Ortiz*, 83 Conn. App. 142, 158, 848 A.2d 1246, cert. denied, 270 Conn. 915, 853 A.2d 530 (2004).

Although the defendant frames his argument as a void for vagueness claim, he does not challenge that he was denied "the right to fair warning of the effect of a governing statute or regulation and the guarantee against standardless law enforcement." (Internal quotation marks omitted.) Id., 157. In fact, aside from citing *State* v. *Hamlin*, 90 Conn. App. 445, 878 A.2d 374, cert. denied, 276 Conn. 914, 888 A.2d 86 (2005), for the void for vagueness doctrine, the defendant cites no relevant facts and provides no legal analysis in support of his vagueness challenge. Accordingly, we decline to review the defendant's claim because it has been briefed inadequately. See *Knapp* v. *Knapp*, 270 Conn. 815, 823 n.8, 856 A.2d 358 (2004) ("We consistently have held that [a]nalysis, rather than mere abstract assertion, is required in order to avoid abandoning an issue by failure to brief the issue properly. . . . Where the parties cite no law and provide no analysis of their claims, we do not review such claims." [Internal quotation marks omitted.]).

IV

The defendant's final claim is that § 53a-121 (a) (3) unconstitutionally relieves the state of its burden of proof under the larceny statute and, thus, violates his right to due process as guaranteed to him by the state and federal constitutions. The defendant seeks *Golding* review of this unpreserved claim. As stated previously, a constitutional challenge to a statute warrants such

review. We will not review the claim, however, because it has been briefed inadequately.

"The constitutionality of a statute presents a question of law over which our review is plenary. . . . It is well established that a validly enacted statute carries with it a strong presumption of constitutionality, [and that] those who challenge its constitutionality must sustain the heavy burden of proving its unconstitutionality beyond a reasonable doubt. . . . The court will indulge in every presumption in favor of the statute's constitutionality . . . . Therefore, [w]hen a question of constitutionality is raised, courts must approach it with caution, examine it with care, and sustain the legislation unless its invalidity is clear." (Citation omitted; internal quotation marks omitted.) *State* v. *McKenzie-Adams*, 281 Conn. 486, 500, 915 A.2d 822 (2007); see also *State* v. *Matos*, 240 Conn. 743, 748, 694 A.2d 775 (1997).[5]

"The fourteenth amendment to the United States constitution provides that the State [shall not] deprive any person of life, liberty, or property, without due process of law . . . . In order to prevail on his due process claim, the [defendant] must prove that: (1) he has been deprived of a property [or liberty] interest cognizable under the due process clause; and (2) the deprivation of the property [or liberty] interest has occurred without due process of law." (Internal quotation marks omitted.) *Tedesco* v. *Stamford*, 222 Conn. 233, 241, 610 A.2d 574 (1992).

---

[5] We note that the defendant purports to invoke the provisions of the Connecticut constitution. He does not, however, provide any specific, independent support for his state constitutional argument. We reiterate that "we will not entertain a state constitutional claim unless the defendant has provided an independent analysis under the particular provisions of the state constitution at issue. . . . Without a separately briefed and analyzed state constitutional claim, we deem abandoned the defendant's claim . . . ." (Internal quotation marks omitted.) *State* v. *Sinvil*, 270 Conn. 516, 518 n. 1, 853 A.2d 105 (2004). Accordingly, we confine our analysis to the defendant's federal constitutional claim. See *State* v. *Eady*, 249 Conn. 431, 435 n.6, 733 A.2d 112, cert. denied, 528 U.S. 1030, 120 S. Ct. 551, 145 L. Ed. 2d 428 (1999).

As in his previous claim, the defendant again frames his argument as a constitutional challenge to a statute, yet fails to support that argument with any relevant facts or legal analysis. The defendant seems to be challenging whether the court's instruction with respect to § 53a-121 (a) (3) imposed a mandatory presumption but provides no legal analysis in support of such a challenge. See *Knapp* v. *Knapp*, supra, 270 Conn. 823 n.8. We therefore decline to review this claim.

The judgment is affirmed.

In this opinion the other judges concurred.