STATE OF CONNECTICUT *v.* ROBERT L. HYDE
(AC 27345)

McLachlan, Gruendel and Lavine, Js.

Argued September 17—officially released November 27, 2007

*Matthew J. Collins*, for the appellant (defendant).

*Lauren E. James*, certified legal intern, with whom were *Bruce R. Lockwood*, assistant state's attorney, and, on the brief, *Michael L. Regan*, state's attorney, and *Stephen M. Carney*, senior assistant state's attorney, for the appellee (state).

*Opinion*

LAVINE, J. This appeal concerns the judgment of conviction, rendered after a jury trial, of the defendant, Robert L. Hyde, for breaking into a basement and a shed and for stealing a sump pump and a toolbox. Convicted of two counts each of larceny in the sixth degree in violation of General Statutes § 53a-125b and burglary in the third degree in violation of General Statutes § 53a-103, the defendant claims that the state produced insufficient evidence from which the jury could find beyond a reasonable doubt that he had committed the crimes of (1) larceny in the sixth degree for his appropriation of the toolbox and (2) burglary in the third degree for his entry into the shed. We disagree and affirm the judgment of the trial court.

The jury reasonably could have found the following facts. At approximately 12:30 p.m. on December 12, 2002, the defendant arrived at 17½ Pitcher Street in Norwich, the residence of Donna Durand. From another building on the same property, Tiffany Broding, Durand's daughter, observed the defendant remove a screwdriver from Durand's van and use it to attempt to break into Durand's house. Broding approached the defendant and asked him what he was doing on the property. The defendant, appearing intoxicated, replied that she should mind her business. The defendant proceeded to pull the grate off the crawl space under Durand's house, remove the sump pump from the basement and place the sump pump in his car. The defendant then entered Durand's tool shed and removed a toolbox.

Having received notice from Broding that the defendant was taking items from her property, Durand immediately returned to her home, called the police and filed a complaint against the defendant. Shortly after 9 p.m. on December 12, 2002, Officers James Curtis and Mark Pilcher of the Norwich police department visited the defendant at his home and asked him about his activities at 17½ Pitcher Street that day. When questioned about Durand's missing property, the defendant admitted he had taken the toolbox but stated that he had permission to do so. After first denying that he had taken the sump pump, the defendant eventually admitted that he had taken that as well.

On May 18, 2003, the defendant was arrested and charged with two counts of larceny in the sixth degree in violation of § 53a-125b[1] for his theft of the sump pump and the toolbox, and two counts of burglary in the third degree in violation of § 53a-103[2] for his illegal entry into the crawl space and the shed. Following the state's case, the court denied the defendant's motion for a judgment of acquittal as to the counts related to the larceny of the toolbox and the burglary of the shed. On February 4, 2004, the defendant was convicted on all charges, and, on February 16, 2004, he was given a total effective sentence of five years imprisonment, execution suspended after three years, and three years of probation. Though the defendant's trial counsel did not appeal from the judgment, the defendant's appellate

[1] General Statutes § 53a-125b (a) provides: "A person is guilty of larceny in the sixth degree when he commits larceny as defined in Section 53a-119 and the value of the property or service is two hundred fifty dollars or less."

General Statutes § 53a-119 provides in relevant part: "A person commits larceny when, with intent to deprive another of property or to appropriate the same to himself or a third person, he wrongfully takes, obtains or withholds such property from an owner. . . ."

[2] General Statutes § 53a-103 (a) provides: "A person is guilty of burglary in the third degree when he enters or remains unlawfully in a building with intent to commit a crime therein."

rights were restored pursuant to a stipulated judgment in an action for a petition for a writ of habeas corpus. On January 25, 2006, this appeal was filed.

The defendant claims on appeal that the evidence was insufficient to form the basis of a conviction for (1) larceny in the sixth degree for his appropriation of Durand's toolbox and (2) burglary in the third degree for his entry into Durand's shed. Specifically, the defendant argues that the state failed to prove beyond a reasonable doubt that Durand owned the toolbox or that he lacked the owner's permission to take the toolbox.

"In reviewing the sufficiency of the evidence to support a criminal conviction we apply a two-part test. First, we construe the evidence in the light most favorable to sustaining the verdict. Second, we determine whether upon the facts so construed and the inferences reasonably drawn therefrom the [finder of fact] reasonably could have concluded that the cumulative force of the evidence established guilt beyond a reasonable doubt." (Internal quotation marks omitted.) *State* v. *Straub*, 90 Conn. App. 147, 153–54, 877 A.2d 866, cert. denied, 275 Conn. 927, 883 A.2d 1252 (2005).

"While . . . every element [must be] proven beyond a reasonable doubt in order to find the defendant guilty of the charged offense, each of the basic and inferred facts underlying those conclusions need not be proved beyond a reasonable doubt. . . . If it is reasonable and logical for the jury to conclude that a basic fact or an inferred fact is true, the jury is permitted to consider the fact proven and may consider it in combination with other proven facts in determining whether the cumulative effect of all the evidence proves the defendant guilty of all the elements of the crime charged beyond a reasonable doubt. . . . Moreover, [i]n evaluating evidence that could yield contrary inferences, the [jury] is not required to accept as dispositive those

inferences that are consistent with the defendant's innocence. . . . As we have often noted, proof beyond a reasonable doubt does not mean proof beyond all possible doubt . . . nor does proof beyond a reasonable doubt require acceptance of every hypothesis of innocence posed by the defendant that, had it been found credible by the [jury], would have resulted in an acquittal. . . . On appeal, we do not ask whether there is a reasonable view of the evidence that would support a reasonable hypothesis of innocence. We ask, instead, whether there is a reasonable view of the evidence that supports the jury's verdict of guilty." (Internal quotation marks omitted.) *State* v. *Leon-Zazueta*, 80 Conn. App. 678, 682, 836 A.2d 1273 (2003), cert. denied, 268 Conn. 901, 845 A.2d 405 (2004). With this standard of review in mind, we review the defendant's sufficiency claims.

I

The defendant claims that the state produced insufficient evidence from which the jury could find beyond a reasonable doubt that he had committed the crime of larceny in the sixth degree with respect to the toolbox. "A person commits larceny when, with intent to deprive another of property or to appropriate the same to himself or a third person, he wrongfully takes, obtains or withholds such property from an owner. . . ." General Statutes § 53a-119. "Connecticut courts have interpreted the essential elements of larceny as (1) the wrongful taking or carrying away of the personal property of another; (2) the existence of a felonious intent in the taker to deprive the owner of [the property] permanently; and (3) the lack of consent of the owner." (Internal quotation marks omitted.) *State* v. *Flowers*, 69 Conn. App. 57, 69, 797 A.2d 1122, cert. denied, 260 Conn. 929, 798 A.2d 972 (2002). "A person is guilty of larceny in the sixth degree when he commits larceny

as defined in section 53a-119 and the value of the property or service is two hundred fifty dollars or less." General Statutes § 53a-125b (a).

## A

According to the defendant, the state failed to prove beyond a reasonable doubt that he committed larceny in the sixth degree because there was only speculative evidence that Durand owned the toolbox. The defendant claims that the testimony of his wife, Bernadette Hyde, that Durand's husband, Peter Durand, lived at 17½ Pitcher Street and gave the defendant permission to remove certain items from 17½ Pitcher Street implies that Peter Durand, not Donna Durand, owned the toolbox.[3] We do not agree.

General Statutes § 53a-118 (a) (5) defines an owner as "any person who has a right to possession superior to that of a taker, obtainer or withholder." "[A] showing that the victim had custody or control over the appropriated property is sufficient to support a charge of larceny." *State* v. *Crosswell*, 223 Conn. 243, 254, 612 A.2d 1174 (1992). In the case before us, the state presented evidence that on December 12, 2002, Donna Durand was the tenant in lawful possession of 17½ Pitcher Street and that the shed there contained property belonging to her.

"[I]t is well established that the jury . . . may accept or reject, in whole or in part, the truth of any witness' testimony." *State* v. *Russell*, 101 Conn. App. 298, 316, 922 A.2d 191, cert. denied, 284 Conn. 910, 931 A.2d 934 (2007). Because Donna Durand had custody and control over the toolbox in the shed on her property, the jury reasonably could have found that she owned the toolbox.

---

[3] On or shortly before December 12, 2002, Donna Durand's husband, Peter Durand, moved out of the premises.

B

The defendant next claims that the state did not prove beyond a reasonable doubt that he lacked permission to take the toolbox. Specifically, the defendant asserts that Bernadette Hyde's testimony that Peter Durand gave the defendant permission to remove items from 17½ Pitcher Street barred the jury from reasonably finding that the defendant lacked the owner's consent to remove the toolbox. We are not persuaded.

"As we have often stated, [i]t is the right and the duty of the [trier of fact] to draw reasonable and logical inferences from the evidence. . . . In considering the evidence introduced in a case, [triers of fact] are not required to leave common sense at the courtroom door . . . nor are they expected to lay aside matters of common knowledge or their own observations and experience of the affairs of life, but, on the contrary, to apply them to the facts in hand, to the end that their action may be intelligent and their conclusions correct." (Citation omitted; internal quotation marks omitted.) *Welsch* v. *Groat*, 95 Conn. App. 658, 666–67, 897 A.2d 710 (2006).

At trial, Bernadette Hyde testified that she heard Peter Durand tell the defendant that he could take certain items from 17½ Pitcher Street. In addition to Hyde's testimony, the jury heard evidence that on the day in question, the defendant went to Donna Durand's premises when no one was home, attempted to break into her home, broke into her van and crawl space, and ripped the sump pump from its place under her house. When Broding asked the defendant what he was doing on the property, he told her to mind her business. When the police questioned the defendant later that night, he was not immediately forthcoming.

Although the defendant asserts that Hyde's testimony verifies his theory that he had permission to remove the toolbox, the jury, as the sole arbiter of witness

credibility, was free to decide what weight, if any, to give to the testimony of the defendant's wife. See *State* v. *Russell,* supra, 101 Conn. App. 316. The discrepancy between Hyde's testimony that the defendant believed he had permission to take the toolbox and Broding's testimony that the defendant's conduct manifested illicit motives required a credibility finding by the jury. Whatever credibility determinations the jury made, this court may not revisit them. Id.

II

The defendant's second claim is that the state failed to prove beyond a reasonable doubt that he committed burglary in the third degree for his entry into the shed because there was insufficient evidence offered at trial to support the larceny conviction on which the burglary conviction depends. We disagree.

"Burglary in the third degree is defined in . . . § 53a-103 as enter[ing] or remain[ing] unlawfully in a building with intent to commit a crime therein." (Internal quotation marks omitted.) *State* v. *Henning,* 220 Conn. 417, 429, 599 A.2d 1065 (1991). "A person enters or remains unlawfully in or upon premises when the premises, at the time of such entry or remaining, are not open to the public and when the actor is not otherwise licensed or privileged to do so. General Statutes § 53a-100 (b)." (Internal quotation marks omitted.) *State* v. *Hampton,* 66 Conn. App. 357, 362, 784 A.2d 444, cert. denied, 259 Conn. 901, 789 A.2d 992 (2001). On the basis of the evidence it heard, the jury reasonably could have determined that the defendant unlawfully entered Durand's shed with the intent to steal a toolbox. Accordingly, we conclude that the jury reasonably could have found that the evidence was sufficient to support the defendant's conviction of larceny in the sixth degree and burglary in the third degree.

The judgment is affirmed.

In this opinion the other judges concurred.